## 20322

William Alonzo PRATHER, Jr., Appellant, v. Samuel W. TUPPER et al., Respondents.

(230 S. E. (2d) 712)

*Jan L. Warner, Esq.,* of *Weinberg, Bryan, Warner, Brown & McDougall,* of Sumter, *for Appellant,*

*Messrs. G. Thomas Cooper, Rolly W. Jacobs and Robert Sheheen,* of Camden, *for Respondents,*

December 7, 1976.

LEWIS, Chief Justice:

The issues in this appeal had their inception in a prior action brought by Samuel W. Tupper against his wife, Diane C. Tupper, for divorce on the ground of desertion. Although there was no such allegation in the pleadings, testimony was introduced in that action that Samuel W. Tupper was not the father of a child born to his wife on February 24, 1975; and that appellant was the putative father. Thereafter, on May 10, 1975, the court issued a decree granting the divorce and adjudicating that Samuel W. Tupper was not the father of the child. Appellant was not a party to that action, nor was the child represented by guardian *ad litem.*

On the same day that the foregoing divorce decree was entered, the mother was appointed guardian *ad litem* for the

child and she then filed a petition alleging that appellant was the child's father and asked that the name of the child be changed on the birth certificate. On May 19, 1975, the court entered an order granting the name change to that of the mother's maiden name and, after a finding that appellant was the natural father, ordered that appellant's name be so entered on the child's birth certificate. Appellant was not a party to this proceeding. Although the child was represented by the mother, as guardian *ad litem,* the record shows that her representation was only formal with no adversary proceedings.

Subsequently, the mother of the child instituted this action against appellant, on January 26, 1976, to require appellant to support the child. In response to this action for support, appellant challenged the validity of the prior orders of the lower court finding that the child was a bastard and that appellant was its father. Appellant contended that the lower court was without jurisdiction to determine the legitimacy of the child or the questions concerning his paternity, since the child was not represented by a guardian *ad litem* and appellant was not a party to the prior actions.

After appellant challenged the validity of the foregoing rulings of the lower court, an attorney was appointed as guardian *ad litem* for the child and has appeared in this proceeding.

Subsequently, the lower court issued an order vacating its prior determination that appellant was the father of the child but refused to set aside the prior adjudication, that the child was a bastard. This appeal is from the latter ruling of the lower court.

No guardian *ad litem* was appointed to represent the infant in the action which resulted in the finding that he was an illegitimate child. In fact, the issue was not raised by the pleadings in that action. Under these circumstances, we agree with the recommendattions of the present

guardian *ad litem* that the prior determination that the child is illegitimate be set aside so that all issues as to paternity, support and maintenance may be fully inquired into in a proceeding to which Samuel W. Tupper, his wife, appellant and the child are parties and in which the rights of the minor are properly represented by the guardian *ad litem;* and it is so ordered.

 Since appellant was not a party to any of the prior proceedings, it is elementary that the prior adjudications that he was the father of the child are not binding on him and could in no way affect the present issues relative to his paternity. The lower court correctly so held.

The portions of the order of the lower court under appeal are accordingly reversed and the cause is remanded for further proceedings consistent with the views herein.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.