21797

In the Interest of Tanya RICHBERG and Tammi Dawson Children's Bureau of South Carolina and Robert C. Clawson, Guardian Ad Litem, Appellants, v. Lorraine DAWSON, Respondent.
(296 S. E. (2d) 338)

*Atty. Gen. Daniel R. McLeod, Staff Attys. Corinne G. Russell* and *Betty J. Willoughby*, and *Robert C. Clawson, as G/A/L, pro se*, Columbia, *for appellants.*

*Gary R. Daves*, Columbia, *for respondent.*

Oct. 12, 1982.

LEWIS, Chief Justice:

Appeal is from an order of the Family Court refusing the petition of appellant, Children's Bureau of South Carolina, for an order terminating the respondent's parental rights to her two minor daughters, aged ten and twelve, because of her alleged abandonment of the children. The trial court held that abandonment had not been established and directed that respondent have custody of the children upon compliance with certain conditions. Enforcement of that order has been superseded pending this appeal.

It is now established that, before parental rights may be completely and irrevocably severed, the State must show conditions warranting such action by clear and convincing evidence. *Santosky v. Kramer*, _____ U. S. _____, 102 S. Ct. 1388, 71 L. Ed. (2d) 599.

Appellant instituted this action in March 1979, pursuant to Section 20-11-40, South Carolina Code 1976 (now Section 20-7-1590, 1981 Cum. Supp.) which provides that if, after a hearing, the court shall determine that the child concerned, "either voluntarily or through neglect, has been abandoned for a period in excess of six months or severely abused, it may issue an order forever terminating parental or guardianship rights to such child, award custody to such person or agency as it deems proper and the child shall be eligible for adoption."

An abandoned child is defined in Code Section 20-11-20 (now 20-7-1570[1], Cum. Supp.) as:

(1) A child whose parents have willfully failed to visit or have willfully failed to support or make payments toward his support for six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child.

The Court has held that "abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all duties and relinquish all parental claims to the child. . . . It does not include an act or course of conduct which is done through force of circumstances or from dire necessity." *McCormick v. McMurray*, 260 S. C. 452, 455, 196 S. E. (2d) 642; *Bevis v. Bevis*, 254 S. C. 345, 175 S. E. (2d) 398.

Respondent entered the military service and, in July 1978, was assigned to Fort Jackson, Columbia, South Carolina, as a basic trainee. She left her two daughters, whom she brought to Columbia from New Jersey, at a Columbia motel in the care of a resident maid. When the maid became ill, the motel owner arranged for the children to move to the home of a friend (Mrs. Byrd). Respondent subsequently made one visit to the Byrd residence, taking the children with her to a motel on the night before she left for a new assignment at Fort Sam Houston, Texas. Before leaving, respondent arranged for Mrs. Byrd to continue keeping the children, paying her with a check which was subsequently returned from the bank because of insufficient funds.

Soon after respondent's departure from Columbia for her assignment in Texas, Mrs. Byrd, with whom the children had been left, contacted appellant about their care. Thereafter, appellant made contact with respondent through military channels, and she consented by telephone to the transfer of the children to that agency. Appellant then placed the children in a foster home where they have been cared for since that time.

After respondent left Columbia, she had no contact with her children except for letters sent to the children through appellant in September 1978. Expenses have been incurred in caring for the children and the military authorities urged respondent to, at least, make some "good faith" payment toward their upkeep. She claimed to have sent one hundred eighty ($180.00) dollars at one time, but it was never received and she produced no evidence to support her statement.

Appellant contends that respondent made no effort to contact, support or regain possession of her children during the statutory six month period. Her whereabouts were totally unknown to appellant during most of this period. Personal service in Texas of the pleadings in this case could not be effected, and the action was commenced only by service through publication.

Respondent's case consisted of her own testimony, and that of two witnesses whom she had known in the service. She shows a flurry of activity after March 1979, when this action commenced, consisting of legal action of her own in Texas; letters to Congressmen; apartment rental agreements and evidence of steady employment. Apparently a similar spurt of activity occurred in late November and December 1978, when a social services officer at Fort Sam Houston imposed certain deadlines upon respondent at the urging of the appellant. None of this activity ever bore any tangible benefits for the children. Although respondent knew of the appellant and knew she could reach her daughters through that agency, no effort was made after September 1978 to do so.

The trial court excuses respondent's failure to evidence any direct parental concern for her children on her alleged mental stress from Army discipline, loneliness, and confusing jurisdictional discussions between South Carolina, Texas, and the military. On the contrary, we conclude that the evidence clearly and convincingly shows an abandonment by respondent of her children for the statutory period. Respondent left her children with a virtual stranger and has had no contact with them since September 1978. She knew how to contact them, was urged to do so and to provide some support, but without justification or excuse failed to do so. The evidence clearly shows a willful failure on the part of respondent to visit or to provide support for her children. She was guilty of abandonment within the meaning of the statute and the trial judge was in error in failing to so find.

Judgment is accordingly reversed and the cause remanded to the lower court for entry of an order completely and irrevocably severing respondent's parental rights to her two minor daughters here involved.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.