21956

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent, v. Stanley MARTELL and Jennie Martell, Respondents, of which Jennie Martell is the, Appellant. In the Interest of Lance Jeremiah MARTELL a minor of the age of three (3) years.

(307 S. E. (2d) 601)

*James F. Walsh, Jr.*, Orangeburg, *for appellant.*

*Alice C. Broadwater*, Columbia, *for respondents.*

July 14, 1983.

LITTLEJOHN, Justice:

This is an appeal from a Family Court Order terminating the parental rights of Stanley Martell and Jennie Martell to their son, Lance Jeremiah Martell. The father, Stanley Martell, defaulted. The Family Court granted the petition of the

South Carolina Department of Social Services notwithstanding the objection of the mother, Jennie Martell. It ruled that "... her mental condition is such that she has been unable to function as a parent not only to the small child in question but also to other older children." We affirm.

On this appeal, the Appellant takes the position that the Family Court is not the proper court for the determination of Appellant's mental illness and submits that the trial judge erred in applying a "preponderance of the evidence" as the standard of proof required. She also submits that the child's best interest is not superior to the interest of the parent.

The case was tried under the provisions of § 20-11-20(2)(b) of the *Code of Laws of South Carolina* (1976). That code section provides that parental rights may be terminated when it is found that "... the parent has been judicially determined to be mentally ill or mentally retarded to such an extent that he or she cannot function as a parent; ..." That section also provides that termination can be brought about when a parent fails to visit or support a child for six consecutive months immediately preceding the institution of an action or proceeding to declare the child to be an abandoned child.

The standard of proof required in parental termination cases is by clear and convincing evidence. In *Richberg v. Dawson*, S. C., 296 S. E. (2d) 338 (1982), we held that "... before parental rights may be completely and irrevocably severed, the State must show conditions warranting such action by clear and convincing evidence." In so doing, we applied the rule set forth in *Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982). The Family Court judge did not apply the *Santosky* rule because the case was tried before the United States Supreme Court filed that opinion. The fact that the rule was not applied by the Family Court judge does not require a reversal. In an equity case such as this, we have held that this Court on appeal may determine the issues in accordance with our view of the weight of the evidence. *Townes Associates v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). In reviewing the record before us, we have applied the *Santosky* rule as followed in *Richberg* and find that the petition has been proved by evidence which is clear and convincing. Our finding relates to both the neglect of the child for more than six months by the father, and the mental condition of the mother.

The second issue is whether the Family Courts of this state have jurisdictions to make a judicial determination that a parent is mentally ill to the extent that he or she can never function as a parent. While the Court of Probate has jurisdiction to commit mentally ill patients, it was never the intention of the legislature to require that a Court of Probate determine the mental capacity of a parent where parental rights are involved. The code section referred to above definitely makes mental illness, or lack thereof, a question of fact for the Family Court. Any doubt relative to this issue has been resolved by the new Children's Code, "Chapter 7", which became effective in 1981, after the trial here involved. In § 20-7-30 (Cum. Supp.), the definitions section states that "Court" means the Family Court. We find the exception to be without merit.

As relates to the contention that the interest of the parent is paramount to that of the child, we find the same to be without merit. The requirements of the code have been met.

Having found all of the exceptions to be without merit, it follows that the Order of the lower court is affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.