0138

Roger Keith ABERCROMBIE, Appellant, v. Karen Anne LaBOON, Respondent. In re Karen Anne ABERCROMBIE, Respondent, v. Roger Keith ABERCROMBIE, Appellant.

(314 S. E. (2d) 847)

Court of Appeals

*Henry Hammer* of *Hammer & Bernstein,* Columbia, and *Paul E. Bowie, III,* Pickens, *for appellant.*

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

April 2, 1984.

GOOLSBY, Judge:

The issues involved in this domestic case are whether the trial court erred in terminating the parental rights of a

natural father to his minor child and in determining the amount of past due child support owed by the father. The father appeals. We affirm the amount determined to represent the arrearage; however, we reverse the finding of abandonment and remand the issue for redetermination.

Roger Keith Abercrombie, the natural father of Joshua Keith Abercrombie, a minor child, brought this action against Karen Anne LaBoon, his former wife and the natural mother of the child, to enforce the visitaton rights granted him in a prior divorce decree. He also sought a determination as to the amount owed by him as delinquent child support and a reduction in child support payments. The mother interposed a counterclaim in which she petitioned the court to terminate the father's parental rights on the ground of abandonment. The child was not made a party to the termination action and neither a guardian ad litem nor an attorney was appointed for him.

The trial court found that the father had abandoned the child and terminated his parental rights. It also determined the child support arrearage to be $3,528.94.

We need not determine, in this instance, whether there exists clear and convincing evidence to support the trial court's finding of abandonment. *See Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982); *Richberg v. Dawson*, 278 S. C. 356, 296 S. E. (2d) 338 (1982). Not all necessay parties to the termination proceedings were before the court and without them the court lacked jurisdiction to render a valid judgment in that regard. *See* 59 Am. Jur. (2d) *Parties* § 259 at 722 (1971); 67A C.J.S. *Parties* § 121 at 944 (1978); *Prather v. Tupper*, 267 S. C. 636, 230 S. E. (2d) 712 (1976); *see also South Carolina Dept. of Social Services v. McDow*, 276 S. C. 509, 280 S. E. (2d) (1981); *cf. McLaughlin v. Strickland*, 309 S. E. (2d) 787 (S. C. App. 1983). A minor child is a necessary party to any proceedings in which a statute requires that the child be made a party [*see Cribbs v. Floyd*, 188 S. C. 443, 199 S. E. 677 (1938) ] or a guardian ad litem be appointed. *Cf.* 2 C.J.S. *Adoption of Persons* § 76 at 507 (1972).

At the time the proceedings to terminate the father's parental rights were instituted, a statute, Section 20-11-30 of the South Carolina Code of Laws, 1976,[1] as amended, clearly prescribed that the child in an abandonment action be served with a summons and petition by the "interested party." The child, therefore, was a necessary party.

We do not agree with the mother's argument that Section 20-11-30, as amended, applied only to the South Carolina Children's Bureau, and other licensed child-placing agencies. She cites no authority in support of her position and we know of none. In any case, where the terms of a statute are clear and unambiguous, they must be held to mean what they plainly state. *Jones v. S. C. Highway Department*, 247 S. C. 132, 146 S. E. (2d) 166 (1966). The statute applied to either an "agency or an interested party." Obviously, the mother is the "interested party" in this instance. If the mother were not an "interesed party," as that term was used in Section 20-11-30; then she herself could not maintain a termination action.

Because he was never served with a summons and a copy of the petition to terminate his father's parental rights, it was error for the trial court to proceed without him; therefore, the finding that the father abandoned the child is reversed and the issue remanded for a new determination after the child is made a party. *See South Carolina Dept. of Social Services v. McDow, supra; Prather v. Tupper, supra.*

Regarding the father's assertion that the trial court erred in not determining that the child support arrearage amounted to $1,381.76, the burden was upon him, as the appellant, to convince us that the greater weight of the evidence supported such a finding. *See Baron v. Dyslin*, 309 S. E. (2d) 767 (S. C. App. 1983).

---

[1] Section 20-11-30 in its amended form read in part as follows:

When a child is voluntarily abandoned for a period in excess of six months ..., the agency or an interested party may petition a court of competent jurisdiction ... for an order determining whether or not the child has been abandoned ...

The summons and petition shall be served upon the parents of the child and also upon the child ...

*See* S. C. Code annot. § 20-11-30 (1976), as amended by 1978 S. C. Acts 634 at 1829.

Section 20-11-30 was repealed altogether on May 19, 1981. *See* 1981 S. C. Acts 71 at 257.

The trial court found as a fact that the sum of $3,528.94 was due in back child support. It is the father's position, however, that the arrearage is only $1,381.76. He based his determination as to the amount due upon an assertion that the mother alleged in a petition dated April 3, 1980 that only $750.00 was owed in past due child support. Child support payments made by the father from April 3, 1980 until December 30, 1980, after which date the father kept current his child support obligations, totaled $898.24. Between April 3, 1980 and December 30, 1980, $1,530.00 should have been paid by the father as child support. When the latter amount is added to the $750.00 figure and the amount paid by the father between April 3, 1980 and December 30, 1980 is subtracted from their total, the difference is $1,381.76, the amount claimed by the father to represent the arrearage.

The problem with the father's contention is that the record does not reflect that, as of April 3, 1980, the amount of arrearage was $750.00. Rather, the mother's April 3, 1980 petition alleges that the father was "delinquent in an amount *in excess* of ... $750.00" [emphasis added] and her testimony at trial was that the arrearage was "in excess of seven hundred whatever it was." Because the father has not persuaded us that the trial judge erred in *not* finding that the sum of $1,381.76 was due from him as past due child support, we affirm the sum of $3,528.94 as representing the amount of arrearage owed by the father.

The judgment appealed from, therefore, is

Affirmed in part, reversed in part and remanded.

GARDNER and CURETON, JJ., concur.