0553

Daniel Marvin BERRY, Respondent, v. Brenda Sharon IANUARIO, a minor under the age of fourteen (14) years, and David Michael Ianuario, and Wayne Kitchen, Respondents, of whom Wayne Kitchen is, Appellant, and Brenda Sharon Ianuario is, Respondent.

Appeal of Wayne KITCHEN.

Appeal of Brenda Sharon IANUARIO.

(335 S. E. (2d) 250)

Court of Appeals

*Ethel E. Weinberg,* Lexington, *for appellant.*

*Thomas E. Huff,* of Belvedere, *for respondent.*

*James E. Whittle,* Aiken, *Guardian Ad Litem for Brenda Sharon Ianuario.*

Heard May 23, 1985.

Decided Sept. 23, 1985.

BELL, Judge:

Daniel Marvin Berry commenced this action to terminate Wayne Kitchen's parental rights to Brenda Sharon Ianuario (Sherry) and to adopt the child. The trial judge found that Kitchen had abandoned Sherry for the statutory six month period, terminated his parental rights, and ordered the adoption. Kitchen appeals. We affirm.

Sherry Ianuario was born to Berry's present wife, Susan McRoberts Berry, and Kitchen in July 1976. At that time, Susan was married to David Michael Ianuario. Kitchen is

admitted by all parties to be the biological father. Ianuario and Susan were divorced in August 1976. Ianuario has executed a consent to the adoption. Susan and Kitchen lived together from 1975 until 1979. They married in May 1978 in order to legitimize the child. Despite the marriage, Sherry still bears the legal name "Ianuario."

Kitchen and Susan separated in December 1979 while living in Alabama. Susan and Sherry then moved to South Carolina. A separation agreement in October 1980 granted custody to Susan and provided visitation for Kitchen. Kitchen was also responsible for child support payments. Susan and Kitchen were divorced in November 1980. Susan married Berry in December 1980. They reside, with Sherry, in South Carolina. Kitchen maintains his residence in Alabama.

Kitchen paid child support as ordered during 1981. He also visited with Sherry on several occasions. A dispute arose over visitation during Christmas, 1981. No visitation occurred from January 1, 1982 until commencement of this action on December 16, 1982. In addition, no child support payments were made for that period. The trial judge found that Kitchen's failure to visit or support Sherry during 1982 justified a finding of abandonment. Therefore, Kitchen's parental rights were terminated and the adoption ordered.

I.

Kitchen's main contention is that the evidence was insufficient to support the trial judge's finding of abandonment. We conclude that the record supports the trial judge's determination.

Section 20-7-1570(1), Code of Laws of South Carolina 1976[1] defines an abandoned child as:

> A child whose parents have willfully failed to visit or have willfully failed to support or make payments toward his support for six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child.

---

[1] Recodified in Section 20-7-1572, Code of Laws of South Carolina 1976, setting forth grounds for termination of parental rights.

If the court determines that the child has been abandoned, it may issue an order terminating parental rights and the child shall be eligible for adoption. Section 20-7-1590, Code of Laws of South Carolina 1976.[2]

The Supreme Court has defined abandonment as "any conduct on the part of the parent which evinces a settled purpose to forego all duties and relinquish all parental claims to the child. . . . It does not include an act or course of conduct which is done through force of circumstances or from dire necessity." *Hamby v. Hamby,* 264 S. C. 614, 216 S. E. (2d) 536 (1975); *Bevis v. Bevis,* 254 S. C. 345, 175 S. E. (2d) 398 (1970). The question of abandonment is largely one of intent to be determined in each case from all the facts and circumstances. In making this determination, wide discretion must be allowed the trial judge, who observes the parties and acquires special knowledge of the situation. *Bevis, supra.*

We find sufficient evidence in the record of a willful failure to support or visit Sherry to meet the "clear and convincing" evidence standard required for termination of parental rights. *See Santosky v. Kramer,* 455 U. S. 745, 102 S.Ct. 1388, 71 L.Ed. (2d) 599 (1982); *Richberg v. Dawson,* 278 S. C. 356, 296 S. E. (2d) 338 (1982); *Jamison v. Jamison,* _____ S. C. _____ , 330 S. E. (2d) 671 (Ct. App. 1985).

It is undisputed that Kitchen failed to visit Sherry during the six month period prior to this action. It is also undisputed that he failed to make support payments during this period. Kitchen contends that financial problems and rebuffs from Susan regarding visitation explain his neglect. He admitted, however, that during the last five months of 1982 he made monthly payments of $169 on a new truck. During this period he contributed nothing toward his monthly $100 child support obligation. A willful failure to provide even minimum support is sufficient to satisfy the definition of an "abandoned child" provided by Section 20-7-1570(1). *Chambers, et al., v. Anderson County Dept. of Social Services,* 280 S. C. 209, 311 S. E. (2d) 746 (Ct. App. 1984); *Jamison, supra.*

---

[2] Recodified in Section 20-7-1574, Code of Laws of South Carolina 1976.

In addition, the record fails to support Kitchen's contention that he made attempts to see Sherry during 1982 which Susan refused. Until December 1982, the only contact demonstrated was a phone call to Susan from Kitchen's mother, who did not testify. Kitchen admitted he worked in Atlanta several times in 1982, approximately two and one half hours from his daughter, but made no attempt to see her. He admittedly knew how to contact Sherry through this period. He has simply failed to demonstrate any meaningful attempts to fulfill his parental obligations, or provide a satisfactory excuse for his inaction.

## II.

Kitchen also contends that the trial judge erred in finding the adoption to be in the child's best interest. The judge found that Kitchen had abandoned Sherry. Therefore, the court had authority to order adoption under Section 20-7-1590. The court furthermore heard evidence from the guardian *ad litem* that adoption would be in Sherry's best interest. There is sufficient evidence in the record to support the trial judge's determination. Accordingly, this contention is without merit.

## III.

Finally, Kitchen contends that the trial judge erred in waiving investigation of the adoptive home. Section 20-7-1740, Code of Laws of South Carolina 1976 provides that investigation "may be dispensed with upon good cause therefor being presented to the court." Discretionary rulings of the trial judge will not be disturbed on appeal absent a clear showing of abuse of discretion. *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). The burden rests on the appellant to show that an order based on factual conclusions is without evidentiary support, or that the judge was controlled by an error of law. *Em-Co Metal Products v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984). Kitchen has not met this burden.

The order of the family court is therefore,

Affirmed.

SHAW and CURETON, JJ., concur.