22604

Roger Keith ABERCROMBIE, Appellant v. Karen Anne LaBOON and Joshua Keith Abercrombie, a minor 8 years of age by his Guardian ad Litem, R. Murray Hughes, Respondents. In re Karen Anne ABER-CROMBIE, Petitioner-Respondent v. Roger Keith ABERCROMBIE, Respondent-Appellant.

(348 S. E. (2d) 170)

Supreme Court

*Harry A. Chapman, Jr.,* and *Charles M. Groves* of *Marchbanks, Chapman, Harter & Groves,* Greenville, *for appellant.*

*J. D. Todd, Jr.* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent Karen Anne LaBoon.*

*R. Murray Hughes,* Pickens, *Guardian ad Litem.*

Heard June 5, 1986.

Decided Aug. 25, 1986.

NESS, Chief Justice:

This is an appeal by (father) Abercrombie from an order of the family court which terminated his parental rights in his son Joshua. We affirm.

Father and (mother) LaBoon divorced in 1978, and mother was awarded custody of Joshua. Between 1978 and 1981, father paid very little child support, seldom visited Joshua, and sometimes secreted his whereabouts. When mother advised father's family that she was remarrying and severing all ties with Joshua's paternal family, father returned to South Carolina. He instituted an action against mother seeking enforcement of his visitation rights, a determination of child support arrearages and a reduction in child support payments. Mother counterclaimed alleging father had abandoned Joshua and sought termination of his parental rights.

After a hearing, the trial judge determined the amount of arrearage and entered an order terminating father's parental rights. The Court of Appeals reversed that portion of the order which terminated father's parental rights because Joshua had not been made a party to the action. *Abercrombie v. LaBoon,* 281 S. C. 188, 314 S. E. (2d) 847 (Ct. App. 1984).

Upon remand, mother petitioned to have Joshua made a

party to the action and for appointment of a guardian ad litem. The trial judge granted this relief and a second hearing was held. In February, 1985, an order was issued terminating father's parental rights and ordering him to pay $500 guardian ad litem fees.

Father asserts the trial judge erred in considering his conduct between 1978 and 1981 to find abandonment. The family court may terminate parental rights upon a finding that for a period of six months the parent has wilfully failed to visit the child or wilfully failed to support the child. S. C. Code Ann. Section 20-7-1572(3), (4) (1976). Father argues the critical six month period for determining abandonment is the six months immediately prior to initiation of the action for abandonment.

Earlier conduct by a parent which may have warranted a finding of abandonment may be cured by the parent's subsequent repentant conduct. 2 Am. Jur. (2d), *Adoption*, Section 36. See also, *Re: Adoption of G.*, 639 S. W. (2d) 619 (Mo. App. 1982). Once conduct warranting a finding of abandonment is shown to have existed, the court must then determine whether the parent's subsequent conduct was of a sufficient nature to terminate the earlier abandonment. *Re: Adoption of Battle*, 456 Pa. 553, 321 A. (2d) 622 (1974).

We are not persuaded that only the six month period prior to commencement of the action may be considered by the court. The family court may consider *all* relevant conduct by the parent in determining whether abandonment has occurred. If the court finds that abandonment for a period of six months has been shown by clear and convincing evidence, *see Richberg v. Dawson*, 278 S. C. 356, 296 S. E. (2d) 338 (1982), it must then examine the parent's subsequent conduct to determine whether the abandonment has been cured.

The questions of abandonment and repentance are largely questions of intent to be determined by the facts and circumstances of each case. *Berry v. Ianuario*, 286 S. C. 522, 335 S. E. (2d) 250 (Ct. App. 1985). The trial judge is afforded a wide discretion, and his findings will not be disturbed absent an abuse of discretion. *S. C. Department of Social Services v. Harper*, 284 S. C. 212, 325 S. E. (2d) 71 (Ct. App. 1985).

Father argues his conduct after the termination action began should be considered in determining whether abandonment occurred. While a parent's curative conduct after initiation of an action for termination of parental rights may be considered by the court on the issue of intent, it must be considered in light of the timeliness by which it occurred. Rarely would this judicially-motivated repentance, standing alone, warrant a finding that an abandonment has been cured. It must be considered together with all the relevant facts and circumstances. *Richberg v. Dawson, supra.*

Based on our review of the record, we hold that father's repentant conduct was insufficient to cure the earlier abandonment. The termination of father's parental rights is affirmed.

Father's remaining exceptions are affirmed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.