Charles R. BOYER, Respondent v. Rebecca R. BOYER, Ned Allen Jones, and Charlotte Beth Jones, both minors under the age of 14 and Allen Bradley Jones, of whom Appeal of Allen Bradley JONES is Appellant.

(352 S. E. (2d) 514)

Court of Appeals

*Wallace A. Mullinax, Jr.* of *Horton, Drawdy, Ward & Johnson, P.A.,* Greenville, *for appellant.*

*Thomas W. Greene,* Greenville, *for respondent.*

Heard Nov. 12, 1986.

Decided Jan. 12, 1987.

GOOLSBY, Judge:

The dispositive issue in this action for termination of parental rights brought by the respondent Charles R. Boyer is whether the appellant Allen Bradley Jones willfully failed to support his minor children, the defendants Ned Allen Jones and Charlotte Beth Jones. We affirm.

Jones was formerly married to the defendant Rebecca R. Boyer, the mother of his children. In June 1981, Jones and Rebecca Boyer were divorced. The divorce decree granted Rebecca Boyer custody of their two children and awarded Jones visitation rights. Jones and Rebecca Boyer entered into an agreement, subsequently affirmed by the family court, whereby Jones would convey his interest in the marital home and would assume responsibility for a United States tax lien in consideration of Rebecca Boyer's waiving child support through November 1983. The divorce decree

awarded her child support after November 1983 but required her to petition the court "to set a proper amount."

Jones visited with the children in accordance with the terms of the divorce decree until October 1981. He also conveyed his interest in the parties' marital home to Rebecca Boyer; however, he never satisfied the tax lien.

His failure to satisfy the tax lien prompted Rebecca Boyer, in October 1981, to serve Jones with a petition in which she alleged his nonpayment of the tax lien and in which she requested compliance with the divorce decree. She also requested an immediate award of child support.

The Honorable S. Norwood Gasque conducted a hearing upon the petition on February 3, 1982. Jones did not attend the hearing.

Judge Gasque issued an order on February 4, 1982, finding Jones in default. He ordered Jones to reimburse Rebecca Boyer for the sum spent by her to satisfy the tax lien and he ordered Jones to pay $100 per week as support for the two children. Judge Gasque terminated Jones's visitation rights based on Rebecca Boyer's testimony that Jones had not visited the children for several weeks; however, Judge Gasque in his order expressly granted Jones leave to petition the court for reestablishment of his visitation rights.

Although Jones apparently was never served with a copy of the February 4, 1982 order, Rebecca Boyer talked to him on the telephone in February 1982 and explained what had taken place at the hearing on her petition. Moreover, several weeks later, when she had a copy of Judge Gasque's order in hand, she read to Jones over the telephone the provisions of the order that required Jones to pay child support, that terminated his visitation rights, and that granted him leave to petition the court for reestablishment of his visitation rights.

Jones lived in the same county as his children for one year prior to the bringing of the instant action. During this time, he was gainfully employed; however, Jones never paid any money toward the support of his children, never moved for reestablishment of his visitation rights, and never visited his children.

In January 1982, Rebecca Boyer married Charles Boyer. The children have resided with them since that time.

Charles Boyer, as an interested party, commenced this action to terminate Jones's parental rights in March 1985. *See* S. C. Code of Laws § 20-7-1564 (1976) ("A petition seeking termination of parental rights may be filed by ... any interested party.").

Following a hearing in May 1985, the family court found by clear and convincing evidence that Jones had willfully failed to support and had willfully failed to visit his children for a period exceeding six months. He therefore terminated Jones's parental rights. Jones now appeals from that order.

According to Section 20-7-1572(4) of the S. C. Code of Laws (1976), the family court may order the termination of a parent's rights over a child when the child has lived outside the home of the parent for six months and during that time the parent has willfully failed to support the child. Failure to support is defined as the failure to make a material contribution to the child's care when contribution has been requested by the child's custodian. *Id.*

Before parental rights may be severed, the willful failure to support a child after being requested to do so by the child's custodian must be established by clear and convincing evidence. *See Richberg v. Dawson*, 278 S. C. 356, 296 S. E. (2d) 338 (1982) (conditions warranting termination of parental rights must be shown by clear and convincing evidence). The request for support, however, need not assume a particular form to satisfy Section 20-7-1572(4)'s requirements.

Here, the record contains clear and convincing evidence that Jones willfully failed to support his children for over six months after having been requested by their custodian to support them.

It is uncontested that Jones was personally served with the petition in which Rebecca Boyer requested that Jones be immediately required to support his two children. Jones did not deny Rebecca Boyer's testimony that she read to him verbatim over the telephone the language of Judge Gasque's order requiring him to make weekly child support payments.

Jones acknowledged in his testimony that he never provided any support for his children. This would include the period following the February 4, 1982 order.

We note that irrespective of the February 4, 1982 order

directing Jones to pay child support, he was required to support his children as a matter of law after November 1983. A fair reading of the divorce decree merely relieved Jones from making child support payments through November 1983. *See Peeples v. Disher*, 279 S. C. 611, 310 S. E. (2d) 823 (Ct. App. 1983) (a parent's legal obligation to support minor children continues after divorce and this basic right of minor children is unaffected by an agreement between the parents relieving one parent of his or her obligation of support). After November 1983, his obligation, as a parent, to contribute to the support of his children automatically resumed under the terms of the divorce decree. Only the amount that he was required to pay remained undetermined.

We therefore affirm the termination of his parental rights.

Since parental rights can be terminated for either the willful failure to support or the willful failure to visit a child and we have already found that Jones willfully failed to support his children, we need not address the issue of whether Jones willfully failed to visit them. S. C. Code of Laws § 20-7-1572(3) and (4) (1976); *cf. South Carolina Department of Social Services v. Harper*, 284 S. C. 212, 325 S. E. (2d) 71 (Ct. App. 1985) (wherein the court noted that the criteria required by the 1984 amendment to Section 20-7-1572 (*see* 1984 Act No. 285 § 1 at 1522-23) for determining abandonment were less stringent); *Chambers v. Anderson County Department of Social Services*, 280 S. C. 209, 311 S. E. (2d) 746 (Ct. App. 1984) (a case in which the court held that the evidence was sufficient to support the termination of parental rights where it was undisputed that the parents failed to support or make payments toward the support of their children for six consecutive months immediately preceding the institution of the action).

Affirmed.

BELL and CURETON, JJ., concur.