THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Leann Ledford, Willie Fortner, Darrick Cooper, Hillman Atkinson and John 
 Doe,        Defendants,
and Miranda Fortner, DOB 4/26/92, Stephen Ledford, DOB 2/10/97, Bethany 
 Atkinson, DOB  6/1/98, of whom Leann Ledford and Willie Fortner are       
Appellants.
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2004-UP-193
Submitted March 8, 2004- Filed March 
 22, 2004 

AFFIRMED

 
 
 
J. Arthur Davison and Sonja R. Tate, both of Augusta; for 
 Appellants.
Dennis M. Gmerek, of Aiken; for Respondent.
Kristina Michelle Anderson, of Aiken; for Guardian Ad 
 Litem.
 
 
 

PER CURIAM:  Willie Fortner (Father) and 
 Leann Ledford (Mother) are the parents of the minor child, Miranda.  Mother 
 is also the mother of the minor children, Stephen and Bethany.  The South Carolina 
 Department of Social Services (SCDSS) filed an action to terminate the parental 
 rights of both Mother and Father to all three minor children.  The family court 
 judge subsequently terminated the parental rights of both parties.  Mother and 
 Father have each appealed this ruling. 
 [1] 
We affirm pursuant to Rule 220(b)(1), 
 SCACR, and the following authorities:  S.C. Code Ann. § 20-7-1578 (Supp. 2003) 
 (finding termination of parental rights statutes must be liberally construed 
 in order to ensure prompt judicial procedures for freeing minor children from 
 the custody and control of their parents by terminating the parent-child relationship); 
 Santosky v. Kramer, 455 U.S. 745, 769-70, 102 S. Ct. 1388, 1403, 71 L. 
 Ed. 2d 599, 617 (1982) (holding the grounds for termination of parental rights 
 must be proven by clear and convincing evidence); South Carolina Dept of 
 Soc. Servs. v. Headden, 354 S.C. 602, 608-09, 582 S.E.2d 419, 423 (2003) 
 (Upon review, the appellate court may make its own finding from the record 
 as to whether clear and convincing evidence supports the termination.); Hooper 
 v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999) (finding this 
 court is not required to ignore the fact that the family court, who saw and 
 heard the witnesses, was in a better position to evaluate their credibility 
 and assign comparative weight to their testimony).  
Mothers appeal:  S.C. 
 Code Ann. § 20-7-1572(2) (Supp. 2003) (A court may terminate parental rights 
 if a child has been out of the home for a period of six months following the 
 adoption of a placement plan . . . and the parent has not remedied the conditions 
 which caused the removal.); S.C. Code Ann. § 20-7-1572(4) (Supp. 2003) (A court 
 can also terminate parental rights if a child has lived outside the home of 
 either parent for a period of six months, and during that time the parent has 
 willfully failed to support the child by failing to make a material contribution 
 to the childs care.); S.C. Code Ann. § 20-7-1572(8) (Supp. 2003) (Parental 
 rights may be terminated if a child was in foster care for fifteen of the most 
 recent twenty-two months.); South Carolina Dept of Soc. Servs. v. Broome, 
 307 S.C. 48, 53, 413 S.E.2d 835, 838 (1992) (Conduct of the parent which evinces 
 a settled purpose to forego parental duties may fairly be characterized as willful 
 because it manifests a conscious indifference to the rights of the child to 
 receive support and consortium from the parent.); Doe v. Baby Boy Roe, 
 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003) ([O]nce a child has 
 been in foster care for fifteen months, whether those months are consecutive 
 or within the last twenty-two months, the parental rights of that childs parents 
 may be terminated upon a showing that termination is in the childs best interests.); 
 Boyer v. Boyer, 291 S.C. 183, 186, 352 S.E.2d 514, 516 (Ct. App. 1987) 
 (finding a request for support need not assume a particular form to satisfy 
 the requirements of section 1572(4)).  
Fathers appeal:  S.C. Code Ann. § 20-7-1572(7) 
 (Supp. 2003) (parental rights can be terminated if the family court finds the 
 child has been abandoned); S.C. Code Ann. § 20-7-1572(8) (Supp. 2003) (parental 
 rights may be terminated if a child was in foster care for fifteen of the most 
 recent twenty-two months.); S.C. Code Ann. § 20-7-1578 (Supp. 2003) (The interests 
 of the child shall prevail if the childs interest and the parental rights conflict.); 
 Hamby v. Hamby, 264 S.C. 614, 618, 216 S.E.2d 536, 538 (1975) (affirming 
 a finding of abandonment where Father voluntarily pursued a course of lawlessness 
 resulting in his imprisonment and inability to perform parental duties); Doe 
 v. Baby Boy Roe, 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003) 
 ([O]nce a child has been in foster care for fifteen months, whether those months 
 are consecutive or within the last twenty-two months, the parental rights of 
 that childs parents may be terminated upon a showing that termination is in 
 the childs best interests.).  
AFFIRMED.
HEARN, CJ., ANDERSON, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.