THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
George Larry Thomas, Appellant,
v.
Kimberly C. Thomas, David Alan Aldridge, and Baby Boy David,
Respondents.
 
 
 

Appeal From Florence County
 A. E. Gene Morehead, III, Family Court Judge

Unpublished Opinion No. 2006-UP-255
Submitted May 1, 2006  Filed May 19, 2006   

AFFIRMED

 
 
 
Nancy H. Bailey, of Florence, for Appellant. 
David A. Aldridge, of Vidalia, Kathy Price Elmore and Kimberly C. Thomas, both of Florence, for Respondents. 
 
 
 

PER CURIAM:  This is a family court action by George Larry Thomas (Stepfather) against Kimberly Thomas (Mother), David Alan Aldridge (Father) and Baby Boy David (Child) seeking to terminate the parental rights of Father, and to allow Stepfather to adopt Child and change his name.  Termination is sought under section 20-7-1572(3) and (4) of the South Carolina Code (Supp. 2005) for alleged willful failure to visit and pay child support.  Stepfather appeals from the denial of his request.  We affirm.[1] 
1.       Stepfather argues that the family court erred in its findings regarding the timing of Fathers visits.  We agree that the family court erred in finding that Father visited the child in June of 2003.  This error does not affect the result, however, because it neither proves that Fathers failure to visit was willful nor demonstrates that termination would be in the best interest of Child.  
2.       Stepfather next challenges the family courts finding that Father did not willfully fail to visit Child within the meaning of section 20-7-1572(3).  We affirm the family courts finding pursuant to the following authorities:  S.C. Dept of Soc. Servs. v. Headden, 354 S.C. 602, 608, 582 S.E.2d 419, 423 (2003) (holding that the statutory grounds for termination must be proved by clear and convincing evidence); Id. at 610, 582 S.E.2d at 423 (holding that failure to visit must be wilful, which is defined as a conscious indifference to the rights of the child); Hopkins v. S.C. Dept of Soc. Servs., 313 S.C. 322, 326, 437 S.E.2d 542, 544 (1993), overruled on other grounds by Joiner ex rel. Rivas v. Rivas, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000) (holding that failure to visit is not grounds for termination where the parent was prevented from seeing the child); accord Wilson v. Higgins, 294 S.C. 300, 304, 363 S.E.2d 911, 914 (Ct. App. 1987), overruled on other grounds by Joiner ex rel. Rivas v. Rivas, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000) (A finding of a wilful failure to visit will not be predicated upon parental conduct that can be reasonably explained.).  
3.       Stepfather further asserts that Fathers parental rights should be terminated because he failed to pay child support.  Clear and convincing evidence does not support termination on this ground either, based on the following authorities: Boyer v. Boyer, 291 S.C. 183, 186, 352 S.E.2d 514, 516 (Ct. App. 1987) (Before parental rights may be severed, the willful failure to support a child after being requested to do so by the childs custodian must be established by clear and convincing evidence.).  Hardy v. Gunter, 353 S.C. 128, 134, 577 S.E.2d 231, 234 (Ct. App. 2003) (A finding of willful failure to support will not be predicated upon parental conduct that can be reasonably explained.); S.C. Code Ann. § 20-7-1572(4) (providing that the family court may consider all relevant circumstances, including requests for support and ability of the parent to provide support); Hardy, 353 S.C. at 134-35, 577 S.E.2d at 235 (considering extenuating circumstances in ruling on failure to pay).  We find the following cases inapposite to the given situation: S.C. Dept of Soc. Servs. v. Parker, 336 S.C. 248, 256-58, 519 S.E.2d 351, 355-56 (Ct. App. 1999) (wherein the parent failed to visit or support the child over a period of years and the appellate court was reviewing the trial courts discretionary finding that termination was warranted); Jamison v. Jamison, 285 S.C. 603, 607, 330 S.E.2d 671, 673 (Ct. App. 1985) (same); Abercrombie v. LaBoon, 290 S.C. 35, 37-38, 348 S.E.2d 170, 171-72 (1986) (wherein an initial finding of abandonment was made, and judicially-motivated repentance stood alone as a factor demonstrating such abandonment had been cured).  
4.       Stepfathers final argument is that the family court erred in overruling his objection regarding certain testimony by his pastor. The party objecting to disclosure of the information has the burden of showing the privilege applies. The determination whether the privilege applies is committed to the sound discretion of the trial judge.  We find no abuse of discretion and affirm pursuant to the following authorities: Rivers v. Rivers, 292 S.C. 21, 26, 354 S.E.2d 784, 787 (Ct. App. 1987), overruled on other grounds by Russo v. Sutton, 310 S.C. 200, 205, 422 S.E.2d 750, 753 (1992) (holding that four conditions must be established before the clergyman-penitent privilege applies: (1) a confidential communication; (2) the confidential communication must be disclosed to a regular or duly ordained minister, priest, or rabbi; (3) the confidential communication must be entrusted to the clergyman in his professional capacity; and (4) the confidential communication must be one that is necessary and proper to enable the clergyman to discharge the functions of his office according to the usual course of practice or discipline of his church or religious body).  We further discern no resulting prejudice from the pastors testimony.
5.       We concur with the experienced and able family court judges finding that termination is not in the best interests of Child, a finding to which Stepfather takes no exception.  The failure to challenge this finding is an independent basis on which to affirm.  IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 419-421, 526 S.E.2d 716, 723-24 (2000) (holding that an appellate court may affirm based on any ground appearing in the record); Parker, 336 S.C. at 258, 519 S.E.2d at 356 (In a termination of parental rights case, the best interests of the children are the paramount consideration.); S.C. Dept of Soc. Servs.  v. Headden, 354 S.C. at 609, 582 S.E.2d at 423 (holding that termination requires both proof of one of the statutory grounds and demonstration that the action is in the best interest of the child). 
AFFIRMED. 
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.   

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.