THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charleston County Department of Social Services, Respondent,
 
 
 

v.
 
 
 
 
 Maranda L.; Jonathan D., Charles L., and John Doe, representing the unknown biological fathers of M.; 
 and M., a child, D/O/B 02/17/01, Defendants,
 of whom Maranda L. is Appellant.
 
 
 
 
 
Appeal From Charleston County
 Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2006-UP-369
Submitted October 16, 2006  Filed October 26, 2006

AFFIRMED

 
 
 Stephen L. Brown and Jeffrey J. Wiseman, of Young Clement Rivers, LLP, of Charleston, for Appellant.
 Bonnie T. Brisbane, of Charleston County Department of Social Services, of N. Charleston, for Respondent.
 E. Ellen Howard, of Charleston, for Guardian Ad Litem.
 
 

PER CURIAM:  Maranda L. (Mother) appeals the family courts termination of her parental rights to M. (Child).  We affirm.[1]
FACTS
Childs biological parents are Mother and Jonathan D (Father).  When Child was born, Mother and Father, a member of the armed services, resided on an Air Force Base (Base).  In September 2002, Father left the residence and another man, Chris Gilbert, moved into it.  On December 5, 2002, Base personnel visited the residence to inform Mother that she had to vacate it.  When they arrived, they discovered Child covered in bruises.  The next day, North Charleston law enforcement arrived and observed Child bruised and limping.  Law enforcement found the residence in total disarray: dishes were strewn across the kitchen countertop; broken glass and trash covered the kitchen floor.  Law enforcement also found an indentation in the wall caused by repeated blows from Childs head.  
The Charleston County Department of Social Services (Department) immediately took twenty-one month old Child into emergency protective custody.  At the time, Child was unkempt, limped, and, as medical examination revealed, suffered from physical trauma.  Mother testified Gilbert caused Childs bruises.  She explained Gilbert would make Child stand in the corner of a room and bend over and touch the floor for twenty minutes at a time.  If Child was unable to do so, Gilbert thumped Childs feet.  Despite Gilberts abuse of Child, Mother never called either military or civilian law enforcement about Gilberts actions. 
 The Department and Mother entered into a treatment plan that required Mother to participate in parent effectiveness training and undergo psychiatric assessments.  Ultimately, Mother was unable to complete the treatment plan and on April 14, 2004, the Department brought a termination of parental rights (TPR) action against Mother.  After a hearing, the family court granted the Departments TPR action against Mother.  The family court found multiple statutory grounds existed to terminate Mothers parental rights and TPR was in the best interests of Child.  Mother appealed. 
STANDARD OF REVIEW
In a TPR case, the best interest of the child is the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  Before parental rights can be terminated, the alleged grounds for the termination must be proven by clear and convincing evidence.  Richberg v. Dawson, 278 S.C. 356, 357, 296 S.E.2d 338, 339 (1982); S.C. Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we should not necessarily disregard the findings of the family court, because the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).  
DISCUSSION
Mother argues the family court erred in granting the Departments TPR action against her.  We disagree. 
 Section 20-7-1572 of the South Carolina Code (Supp. 2005) governs TPR actions in South Carolina.  The family court may order TPR if it makes the twofold finding that plaintiff has proved by clear and convincing evidence the existence of at least one statutory ground enumerated in section 20-7-1572 . . . and TPR would be in the best interest of the child.  Charleston County Dept. of Soc. Servs. v. Jackson, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006). 
 The family court found Child was abused and, because of the severity or repetition of the abuse, it was unlikely the home could be made safe for Child within twelve months.  See S.C. Code Ann. § 20-7-1572(1).[2]  Mother did not appeal this finding; therefore, it is the law of the case.  S.C. Dept of Soc. Servs. v. Seegars, 367 S.C. 623, 628 n.3, 627 S.E.2d 718, 721, n.3 (2006).  Accordingly, so long as TPR was also in the best interest of Child, we will uphold the family courts order.  See S.C. Code Ann. § 20-7-1572 (family court may order TPR based on one or more statutory ground and the finding that TPR is in the best interests of the child). 
Even if Mother appealed this finding, however, the record fully supports the family courts conclusion Child was harmed and that because of the degree of abuse the home could not be made safe within a year.  Under section 20-7-490(2) (Supp. 2005), Child abuse occurs when the parent inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child, including injuries sustained as a result of excessive corporal punishment . . . .  The record shows Child suffered significant physical and mental abuse at the hands of Mother and Gilbert.  Even if Mother did not actively abuse Child, she allowed Gilbert to do so, and did little to prevent it.  Further, there is no indication the home could be safe enough for Child to return to it within a year.  Mother testified that she was not prepared to take custody of Child at the time of hearing.  Mothers own witness, her therapist, testified that Mothers demeanor remained chaotic and incendiary and that it would be unwise to place Child in Mothers home at this time.  Thus, the record supports the family courts finding. 
 The family court also found TPR is in the best interests of Child.  Again, Mother did not appeal this finding, so it is the law of the case.  Seegars, 367 S.C. at 628 n.3, 627 S.E.2d at 721, n.3.  Even if Mother appealed this finding, however, the record supports the family courts conclusion that TPR is in the best interests of Child.  Childs caseworker and guardian ad litem testified TPR would be in Childs best interests.  They both witnessed Childs positive transformation since Childs placement with her foster parents in April 2003.  Additionally, Childs foster parents wish to adopt Child.  The family court did not err in finding TPR in the best interests of Child.  Thus, the family courts order is 
AFFIRMED.[3]
 HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2]  Section 20-7-1572(1) provides that the family court may terminate parental rights if TPR is in the best interests of the child and the child 

 has been harmed as defined in section 20-7-490, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months.  In determining the likelihood that the home can be made safe, the parents previous abuse or neglect of the child or another child in the home may be considered . . . .

[3]  In light of this disposition, we need not address Mothers remaining issues.