366 S.E.2d 663

**Nancy Lee SHIMP**

v.

**John William SHIMP.**

No. 17178.

Supreme Court of Appeals of West Virginia.

Feb. 24, 1988.

John E. Dorsey, Charleston, for Nancy Lee Shimp.

Lloyd Jackson, Hamlin, for John William Shimp.

PER CURIAM:

The appellant and appellee were divorced by an order of the Circuit Court of Lincoln County on December 11, 1980. The order of divorce provided that the mother would receive custody of Joshua David Shimp, the infant child of the parties, who at the time was four years old. Since the divorce, the father has filed three petitions to modify custody; the last petition is the subject of the present case. After hearings on the first two petitions, the circuit court denied a change of custody for failure to prove a material change of circumstances. However, in the case before us the court finally changed the custody to the father based on the child's stated preference to live with his father.

Our review of the record shows that the father knew of nothing that would show that the appellant was not a fit and proper parent. As he had done in the two previous modification hearings, Joshua Shimp, then nine years old, testified that he wanted to live with his father so that he could play sports and go to school in Lincoln County. The mother testified that she believed her son was too young to make such a decision and that her son expressed such a parental preference only after returning from a visit with the father. The circuit court's decision was based exclusively upon the child's repeated preference to live with his father.

In Syllabus Point 7 of *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), we said:

"The concept of a 'child of tender years' is somewhat elastic; obviously an infant in the suckling stage is of tender years, while an adolescent fourteen years of age or older is not, as he has an absolute right under W.Va.Code, 44-10-4 [1923] to nominate his own guardian. Where there is a child under fourteen years of age, but sufficiently mature that he can intelligently express a voluntary preference for one parent, the trial judge is entitled to give that preference such weight as circumstances warrant, and where such child demonstrates a preference for the parent who is not the primary caretaker, the trial judge is entitled to conclude that the presumption in favor of the primary caretaker is rebutted."

Much of this language was taken directly from *J.B. v. A.B.*, 161 W.Va. 332, 340, 242 S.E.2d 248, 254 (1978), where in note 3 this language is found: "In West Virginia the principle is well settled that a child's custody preference can be considered and given appropriate weight, when the child is of the age of discretion." However, although the child was competent to testify during the

third modification hearing, we find that the court erred in changing custody based only on the child's preference because there were no changes of circumstances justifying a modification.

In *Garska v. McCoy, supra,* we held that although the custody of a very young child should be awarded to the primary caretaker if he or she meets a minimum objective standard of behavior that qualifies him or her as a fit parent, when awarding custody of older children, the court may consider the preference of the child. However, this rule applies only to an initial custody award. In cases involving change of custody, we have repeatedly recognized that:

> "To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would materially promote

the welfare of the child." Syllabus Point 2, *Cloud v. Cloud,* 161 W.Va. 45, 239 S.E.2d 669 (1977).

There is no evidence in the case before us to indicate that there has been a material change of circumstances.

Accordingly, the order of the Circuit Court of Lincoln County modifying the custody decree is reversed and this case is remanded for reinstatement of the previous custody order.

Reversed and remanded.