412 S.E.2d 257

**Alvin D. STEVENS, Plaintiff Below, Appellant,**

v.

**Susan A. STEVENS, Defendant Below, Appellee.**

No. 19921.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1991.

Decided Dec. 12, 1991.

---

Michael V. Marlow, Charleston, for appellant.

Ernest M. Douglass, Parkersburg, for appellee.

PER CURIAM:

This is an appeal by Alvin D. Stevens from an order of the Circuit Court of Wood County modifying a previous child custody decree. The circuit court's order granted the appellant's former wife, Susan A. Stevens, custody of the parties' two minor children and directed the appellant to pay $599.48 child support for the two children. On appeal, the appellant claims that the court erred in directing him to pay child support for his daughter, when he had previously surrendered his parental rights to the daughter to the West Virginia Department of Human Services. He also claims that the circuit court erred in altering the previous custody arrangement and transferring custody of the parties' infant son to his former wife. He lastly claims that the amount of child support ordered by the

court was unreasonable and that the court erred and abused its discretion by ordering him to pay the amount directed. After reviewing the record and the issues presented, this Court can find no reversible error. Accordingly, the judgment of the Circuit Court of Wood County is affirmed.

By order dated October 28, 1982, the appellant, Alvin D. Stevens and his wife, Susan A. Stevens, were divorced. That order awarded Susan A. Stevens custody of the parties' infant daughter, who at the time was three-years-old, and son, who at the time was one-year-old.

Subsequent to the divorce, Susan A. Stevens experienced difficulty in maintaining a home and supervising the children. As a consequence, by agreement of the parties, the divorce decree was modified on September 9, 1987, and custody of the children was transferred to the appellant.

After the appellant took charge of the children, his second wife and his daughter were unable to establish a positive relationship, and the child became uncontrollable. The situation culminated with the second wife beating the child with a belt on November 3, 1989. After the beating occurred, the appellant took his daughter to the emergency room at Camden–Clark Memorial Hospital on November 7, 1989. After seeing belt marks on the child, the physician at the emergency room filed a report of suspected child abuse and/or neglect.

Apparently as a result of the filing of the abuse and/or neglect report, the appellant, on or about January 19, 1990, executed a document by which he relinquished his parental rights to his daughter to the West Virginia Department of Human Services. Subsequently, on or about February 16, 1990, the appellant's former wife, Susan A. Stevens, petitioned for modification of the 1987 custody order and prayed that she be granted custody of the parties' two infant children, as well as child support.

A hearing was conducted on the petition for modification on March 13, 1990, before the family law master for Wood County, West Virginia. At the conclusion of the hearing, the family law master recommended that Susan A. Stevens be awarded custody of the two minor children and that the appellant pay his former wife $599.78 support for the two children.

The matter was submitted to the Circuit Court of Wood County, and the circuit court, without conducting a further hearing, by order entered May 7, 1990, adopted the family law master's rulings.

On appeal, the appellant first claims that the trial court and family law master erred in awarding his former wife child support for the couple's infant daughter. He argues that since he had previously surrendered all his parental rights to the child to the West Virginia Department of Welfare, the court erred in requiring him to pay support for the child.

A number of cases from other jurisdictions have recognized that relinquishment and termination of parental rights results in a termination of parental obligations. *Coffey v. Vasquez*, 290 S.C. 348, 350 S.E.2d 396 (1986); *State v. Smith*, 571 So.2d 746 (La.Ct.App.1990); *State ex rel. Secretary of Social and Rehabilitation Services v. Clear*, 248 Kan. 109, 804 P.2d 961 (1991). In each of those cases the parental rights to the child involved were terminated.

■ In the fairly recent case of *Kimble v. Kimble*, 176 W.Va. 45, 341 S.E.2d 420 (1986), this Court discussed a situation analogous to the one presented in the present case. In *Kimble*, the Court pointed out that there was a distinction between a parent executing a consent to adoption or other document expressing a willingness to surrender his parental rights and an actual judicial termination of those rights. The Court indicated that the mere execution of a document, in that case a consent to adoption, showing a willingness to surrender parental rights is alone insufficient to terminate the noncustodial parent's decretal obligation to make child support payments. In syllabus point 1 of *Kimble v. Kimble*, the Court stated:

> The execution of consent to the adoption of a child by its custodial parent and the custodial parent's current spouse is alone insufficient to terminate a noncustodial

parent's decretal obligation to make child support payments.

The Court indicated that the rationale behind this is to protect the interest of the child and indicated that a divorced parent cannot legally reduce child support or terminate the obligation by a contractual agreement or otherwise. The right of a child to support can only be reduced or terminated by court order. *See Kimble v. Kimble, Id.* 176 W.Va. at 50, 341 S.E.2d at 425.

■ From the present record, this Court cannot determine that the appellant's parental rights were ever legally terminated. Although the appellant entered into an agreement with the Department of Human Services whereby he relinquished custody of the child to the Department of Human Services and indicated that he was surrendering all legal rights to the child, the agreement was an agreement between parties, and there is no indication from the record that the appellant's rights to the child were ever judicially terminated.

In view of the circumstances and the holding in *Kimble v. Kimble*, this Court concludes that in the present case the appellant's parental rights to his daughter were never judicially terminated and that consistent with the rule set forth in *Kimble v. Kimble*, his obligation to support the child appropriately should continue. Given these circumstances, the Court cannot conclude that the trial court erred in requiring the appellant to pay child support for his daughter.

The appellant next claims that the circuit court erred in modifying the previous custody arrangement insofar as his infant son was concerned. He argues that to justify a change of child custody it must be shown that there has been a change in circumstances of the parties, as well as a showing that the change would materially benefit the child.

■ The appellant correctly argues that this Court has indicated that:

> To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such

change would materially promote the welfare of the child.

Syllabus point 2, *Cloud v. Cloud,* 161 W.Va. 45, 239 S.E.2d 669 (1977). *See also Michael R. v. Sandra E.,* 180 W.Va. 631, 378 S.E.2d 840 (1989), and *Shimp v. Shimp,* 179 W.Va. 215, 366 S.E.2d 663 (1988).

■ In the present case, the evidence rather clearly showed that the appellant's second wife, in the appellant's home, beat the appellant's infant daughter with a belt. Evidence was also introduced suggesting that on prior occasions the appellant's infant son had also been beaten. While there was evidence that the appellant's former wife had previously had difficulty in managing her home and the children, there was also a showing that her homemaking skills had improved and that she had undergone counselling and training relating to parenting skills. There was no suggestion that the appellant's former wife had formerly inflicted the degree of punishment inflicted upon the children by the appellant's second wife or that she had any propensity to inflict such punishment. There was a further showing that the appellant's son was close to, and emotionally attached to, his sister.

Given the overall facts of the case, this Court cannot conclude that the trial judge abused his discretion in ordering the change of custody. The Court believes that overall the evidence suggests that the welfare of the children would be promoted by placing them in a less physically hazardous environment.

Lastly, the appellant claims that the circuit court erred in computing his current monthly income and in computing his self-support deductions under the State formula for child support. Specifically, he claims that the court improperly included items in total monthly income, such as income from overtime and income for health insurance coverage through his employer. He also claims that the court erred in miscalculating his self support deduction. He says that, at a bare minimum, his self support deduction should have been $365.00, since he has remarried and his current spouse is

unemployed. He points out that the legislature has recognized that the figures produced by the formula are not applicable to all situations.

 Recently, in *Holley v. Holley*, 181 W.Va. 396, 382 S.E.2d 590 (1989), this Court stated, in the sole syllabus point:

When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 *W. Va. Code of State Rules* §§ 78–16–1 to 78–16–20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the guidelines in the particular case involved. *W. Va. Code*, 48A–2–8(a), as amended.

As previously indicated, the appellant argues that the court improperly included certain items of income in his total monthly income, such as income for his health insurance coverage and income for overtime pay. Rather clearly, the health insurance provided enured to the appellant's benefit, as did the overtime. While he claims that overtime is sparingly offered to him, the documentation supplied to the court rather clearly indicates that he did receive it. In this Court's view, given the overall record, the Court cannot conclude that the trial court improperly included these in the computations.

The appellant also claims that, by requiring him to pay $599.48 for the support of his two infant children, he is, in effect, being suffocated and being deprived of resources to provide adequately for his second family.

In reviewing the data presented, this Court finds that that argument is without merit. Rather clearly, the amount of child support which the appellant is required to pay was calculated in accordance with the State formula, which is designed to provide for an adequate and just allocation of income and which, as indicated in *Holley v. Holley*, should, under all ordinary circumstances, be applied in determining the amount of child support to be paid.

For the reasons stated, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.