415 S.E.2d 276

**Terry Mason RICHARDSON, Plaintiff Below, Appellee,**

**v.**

**Phyllis RICHARDSON, Defendant Below, Appellant.**

**No. 20443.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1992.

Decided March 5, 1992.

---

Wilbert A. Payne, Payne & Payne, Beckley, for appellee.

Robert S. Baker, Appalachian Research & Defense Fund, Inc., Beckley, for appellant.

PER CURIAM:

This case is before us on appeal from an amended final order entered in the Circuit Court of Raleigh County on February 28, 1991, which granted permanent custody of the parties' children to their father, Terry Mason Richardson. Phyllis Richardson appeals, seeking to have custody returned to her. For the reasons stated below, we agree that the change of custody was correct and affirm the granting of the custody to the father.

The parties were married on September 3, 1983, and subsequently had two children. The parties separated on February 21, 1989, after which Mr. Richardson filed for divorce. A temporary order was entered April 5, 1989, by the family law master. He found that Mrs. Richardson had been the primary caretaker at the time of the separation and that she was a fit and proper person to have custody of the parties' young children. He awarded temporary custody of the children to Mrs. Richardson, with liberal visitation to Mr. Richardson. There was no provision made for child support because Mr. Richardson was unemployed at the time.

With the consent of the parties, home studies were performed by a worker for the Child Advocate Bureau on June 27, 1989. In her report, the worker indicated that Mr. Richardson was obviously very concerned with the well-being of his children and wanted them to live in a stable home environment where they would receive proper care. She indicated that she found Mr. Richardson to be a responsible parent.

The worker found Mrs. Richardson to be significantly less concerned with her children than Mr. Richardson was. The worker indicated that, at the time of her visit, Mrs. Richardson's house was unclean and that several situations existed which could pose safety hazards to the young children. Through her conversation with Mrs. Richardson, the worker determined that Mrs. Richardson really had no firm opinions on any issues related to her children. She discussed discipline with Mrs. Richardson, having previously learned that Mrs. Richardson's live-in companion was hitting the children. Mrs. Richardson indicated that although the situation had previously been such, it was she who handled the discipline at that time. The worker found Mrs. Rich-

ardson to be irresponsible, uncaring, and self-centered. The worker concluded that the best interests of the children would be served by granting custody to Mr. Richardson.

The case was scheduled for hearing before the family law master in December, 1989. By that time, however, Mrs. Richardson was pregnant with twins by her seventeen-year-old live-in companion. She had been placed on strict bed rest by her obstetrician and was, therefore, unable to attend the hearing. Apparently without motion from either side, the family law master entered a modified temporary order on December 7, 1989, transferring custody to Mr. Richardson, with liberal visitation to Mrs. Richardson. He found that Mrs. Richardson was incapable of caring for the children because she had been placed on strict bed rest and that the best interests of the children would be served by placing them with their father during the period of their mother's incapacity. Mrs. Richardson gave birth to the twins in January of 1990, but custody of the two older boys was never returned to her.

The case finally came on for hearing before the family law master on March 2, 1990. In a letter to the attorneys dated April 16, 1990, the family law master found that Mr. Richardson had been the primary caretaker at the time of the separation and periodically since then. He found that the father was a fit and proper person to have custody. He further found that, although Mrs. Richardson was a fit parent, her fitness was "diluted" by the immaturity of the man with whom she was living and the birth of her twins.

The amended final order in this case was entered on February 28, 1991. Accepting the recommendation of the family law master, the judge found that Mr. Richardson had been the primary caretaker since the separation and was a fit, proper, and suitable person to have custody. He, therefore, ordered that custody be in Mr. Richardson, with liberal visitation to Mrs. Richardson. He further held the issue of child support in abeyance because both parties were unemployed. We agree that Mr.

Richardson is the proper parent to have custody of the two boys, but for different reasons than those upon which the family law master apparently relied.

■ The circuit judge, in entering his order, gave deference to the recommended decision of the family law master. This is procedurally correct under our law. As we stated in the Syllabus of *Koppel v. Koppel,* 182 W.Va. 492, 388 S.E.2d 848 (1989):

> " 'In a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence.' Syl. Pt. 1, *Sandusky v. Sandusky,* 166 W.Va. 383, 271 S.E.2d 434 (1981); Syl. Pt. 4, *Belcher v. Belcher,* 151 W.Va. 274, 151 S.E.2d 635 (1966), *quoting* Syl. Pt. 3, *Taylor v. Taylor,* 128 W.Va. 198, 36 S.E.2d 601 (1945)."

Having concluded that the family law master's finding that Mr. Richardson was a fit and proper person to have custody was supported by the facts, the circuit court properly entered an order in accord with that decision.

■ We, too, find that Mr. Richardson is the proper party to have custody, but we disagree with the finding that Mrs. Richardson is a fit parent. The family law master stated that Mrs. Richardson was a fit parent, but that her fitness was "diluted" by the presence of an immature, male companion in the home, as well as by the birth of her twins. We find that she is not a fit parent and, therefore, not entitled to custody.

■ We set forth factors to be considered in determining the fitness of a parent in the case of *David M. v. Margaret M.,* 182 W.Va. 57, 385 S.E.2d 912 (1989), where we held in Syllabus Point 5:

> "To be considered fit, the primary caretaker parent must: (1) feed and clothe the child appropriately; (2) adequately supervise the child and protect him or her from harm; (3) provide habitable housing; (4) avoid extreme discipline, child abuse, and other similar vices; and (5) refrain from immoral behavior under

circumstances that would affect the child. In this last regard, restrained normal sexual behavior does not make a parent unfit."

In light of the evidence before us, it is apparent that Mrs. Richardson does not meet all the qualifications of a fit parent.

■ The evidence indicates that Mrs. Richardson's biggest problem appears to be in the area of adequately supervising her children and protecting them from harm. It is apparent from the record that the oldest child often had a great number of bruises. We recognize that it is virtually impossible to prevent a child from getting bruises. We also acknowledge that this child had been diagnosed as hyperactive. However, there is also evidence to indicate that proper precautions were not taken by Mrs. Richardson to make her home safe for her children. The social worker who visited the home noted in her report that there were several situations existing which could cause a potential hazard to the children. In addition, Mrs. Richardson admitted that her male companion had disciplined the children by physical force, although she claimed to have corrected the situation. There is also testimony from one of the teachers at the Head Start Program regarding a lack of supervision of the younger child. The teacher testified that when she and some other teachers visited the home, the younger child, a toddler at the time, appeared in the window in response to their knock on the door. It took approximately fifteen to twenty minutes for Mrs. Richardson to answer the door, and when she finally did, it was apparent that she had been sleeping.

The grant of custody to Mr. Richardson is not, as Mrs. Richardson's counsel claims, based upon Mrs. Richardson's romantic association with a man several years her junior. The manner in which Mrs. Richardson chooses to conduct her romantic life is not of concern to us as regards the custody of the two children. However, his presence in the household is of concern to us in light of his position as disciplinarian of the two children and of the reports that he may have used excessive methods to discipline the two boys. Certainly, Mrs. Richardson's judgment in allowing this to happen to her children in her home has an impact on our decision regarding custody.

Counsel for Mrs. Richardson argues that she is entitled to custody because she was primary caretaker of the children. Under our law, the primary caretaker is entitled to custody if he or she is a fit parent. *David M. v. Margaret M., supra; Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981). However, this principle is inapplicable here because we have determined that Mrs. Richardson is not a fit parent and, therefore, is not entitled to custody regardless of her claim to primary caretaker status.

We also find that the evidence supports the conclusion that Mr. Richardson has been attentive in raising and attending to his children. Even before he was granted temporary custody of the children in December of 1989, he was diligent in his visitation. His visitations with his children would often continue for several days when the mother left them in his care. According to social workers and teachers, the children have done well in his temporary care since December of 1989. Consequently, we find no abuse of discretion on the part of the family law master and circuit court on the custody issue.

■ In addition to seeking custody of her sons, Mrs. Richardson asks to have her maiden name restored. Neither the family law master nor the circuit court addressed this request. W.Va.Code, 48–2–23 (1989), requires restoration of a party's former name when such is requested by the party. Therefore, Mrs. Richardson must be permitted to resume use of her maiden name.

For the reasons set forth above, the judgment of the Circuit Court of Raleigh County is affirmed as to custody, but the case is remanded so that Mrs. Richardson may be restored to her maiden name.

Affirmed; remanded with directions.