423 S.E.2d 638

**Karen CUNNINGHAM, Plaintiff Below, Appellant,**

v.

**Michael CUNNINGHAM, Defendant Below, Appellee.**

**No. 20654.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Nov. 12, 1992.

Peter J. Conley, Siegrist, Spelsberg, White, Martin & Conley, Clarksburg, for appellant.

Paul M. Cowgill, Jr., West Union, for appellee.

PER CURIAM:

Karen Cunningham appeals an order from the Circuit Court of Harrison County transferring custody of her three children to Michael Cunningham, the children's father. On appeal, Mrs. Cunningham claims that the circuit court erred in altering the custody established by the divorce decree. After reviewing the record, this Court agrees and reverses the decision of the circuit court.

On November 29, 1988 after eight years of marriage, Mr. and Mrs. Cunningham were divorced and custody of their three children, then ages 8, 5 and 4 was awarded to Mrs. Cunningham. Mr. Cunningham was granted visitation rights and was required to pay $615 per month in child support. At the time of the divorce degree, Mrs. Cunningham was a member of the United States Navy, which she had joined after the parties separated. The divorce order found that Mrs. Cunningham "is a fit, suitable and proper person to have the care, custody and control of said children...."

Between November 1988 and May 1989, Mrs. Cunningham was deployed by the Navy to Iceland and Mrs. Cunningham's mother cared for the children in the children's home. In June 1989, the children visited with their father for eight weeks.

On May 23, 1990, Mr. Cunningham filed a petition seeking custody of the children and requesting support for the children from Mrs. Cunningham.[1] The petition said that Mrs. Cunningham accepted an overseas assignment and left the children for about 6 months. The petition said that Mr. Cunningham was "available to be with the children full-time; whereas, the Plaintiff, if she continues to accept overseas assignments, would be away from the children for extended periods of time." In the alternative, Mr. Cunningham requested his support be modified.

On August 15, 1990, at a hearing on the petition, Mr. Cunningham testified that his daughter was going to repeat first grade and he could be with the children during Mrs. Cunningham's deployment in Italy. (Mrs. Cunningham was deployed to Italy from June 1990 until December 1990.) Mr. Cunningham also said he had remarried and had a new daughter, born on August 13, 1990. Mr. Cunningham acknowledged that his child support payments remained in arrears.[2]

Mrs. Cunningham testified that she joined the Navy in order to provide for her children and after her deployment in Italy she would not have further overseas deployments and her hours would be more stable. Mrs. Cunningham also said that her mother stayed with the children during her deployments. Joann O'Toole, M.A. in social work, a counselor with the Navy, testified that the children's behavioral problems had improved and that the problems stem from incidents that occurred when the children were visiting the father.

---

1. The record contains a letter dated May 10, 1990 from State of Maine, Department of Human Services to Mr. Cunningham requesting that he discuss his child support debt of $399.00 through March 31, 1990. Mrs. Cunningham, a resident of Maine, moved there while her divorce was pending.

2. Mr. Cunningham did not pay child support when Mrs. Cunningham was deployed in Iceland and the grandmother took care of the children.

The circuit court also spoke with the children *in camera.* According to Mrs. Cunningham's brief, the two children said that they wanted to stay with their mother except when she was away and, then, they would prefer to stay with their father. The daughter said she would prefer to stay with her father, but later said perhaps she preferred to stay with her mother.[3]

By letter dated August 20, 1990, the circuit court said that the "best interest of the children [was] that they should be with their father as long as Mrs. Cunningham gives priority to her Naval career." The circuit court noted that during Mrs. Cunningham's deployments in Iceland and Italy, her mother had taken care of the children. The circuit court expressed concern that the youngest child "flunked" first grade and that "two of the children have had serious psychological problems with counseling care." The circuit court also found that the children preferred staying "with a loving and affectionate parent rather than in the theoretical custody of an absentee mother, and the actual custody of an aged grandmother."

After receiving the circuit court's letter, Mrs. Cunningham told the court that "faced with a choice of staying in the Navy or keeping the children [she] would definitely opt to keep her children" and that to obtain custody she would immediately leave the Navy under a hardship discharge.[4] However the circuit court indicated that her resignation from the Navy, although a factor, was not determinative.

By order dated May 6, 1991, the circuit court awarded custody of the children to Mr. Cunningham and ordered Mrs. Cunningham to pay $256 per month in child support. The May 6, 1991 order incorporated the court's letters as its findings of fact and conclusions of law.

During a hearing on reconsideration, Mr. Cunningham said that at the time of the divorce order he knew that overseas deployment was a possible result of Mrs. Cunningham's naval career. Mrs. Cunningham also told the court that she would have no further overseas deployments even if she re-enlisted in the Navy. The circuit court again spoke with the children who, according to Mrs. Cunningham's brief, said that they wanted to "live with our mom and come up here for the summer like it was before."[5] After the circuit court denied Mrs. Cunningham's motion to reconsider, Mrs. Cunningham appealed to this Court, which entered a stay in the proceedings, thereby reinstating custody to Mrs. Cunningham.

I

■ The two part test, adopted by this Court, to determine when a change of custody is justified requires a showing that (1) the parties have experienced a change in circumstances and (2) the change in custody would materially promote the welfare of the child. Syllabus Point 2, *Cloud v. Cloud,* 161 W.Va. 45, 239 S.E.2d 669 (1977), said:

> To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would materially promote the welfare of the child.

*In accord,* Syllabus Point 2, *Stevens v. Stevens,* 186 W.Va. 259, 412 S.E.2d 257 (1991); Syllabus, *Burdette v. Adkins,* 185 W.Va. 228, 406 S.E.2d 454 (1991); Syllabus Point 1, *Judith R. v. Hey,* 185 W.Va. 117, 405 S.E.2d 447 (1990).[6]

■ In the present case, the record does not justify a change in the custody of the children. Although Mrs. Cunningham has

**3.** Although the record indicates that the *in camera* testimony of the children was to be inserted in the transcript, the relevant portions were not included.

**4.** Mr. Cunningham objected to Mrs. Cunningham's resignation because if she "left the service, that [sic] she would be unemployed and she would be looking for a lot more child support."

**5.** *See supra* note 2.

**6.** Although Mr. Cunningham's brief cites *Richardson v. Richardson,* 187 W.Va. 35, 415 S.E.2d 276 (1992), the *Richardson* case concerns permanent custody granted in the divorce and the determination of when a primary caretaker is fit.

been deployed outside the United States on two separate occasions, the possibility of her deployment was known at the time of her divorce. Before the divorce was final, Mr. Cunningham voiced his concerns about Mrs. Cunningham's possible absences when the Navy required Mrs. Cunningham to attend school for three months (December 1987 through March 1988) in Florida. However on August 29, 1988, Mr. Cunningham agreed that Mrs. Cunningham should have custody of the children and their agreement was noted in the divorce order. In addition, Mr. Cunningham testified that at the time of the divorce he knew Mrs. Cunningham's naval career might result in substantial absences from the children because of overseas duty. Therefore, we do not find that Mrs. Cunningham's overseas duty assignments constitute a change of circumstances for the parties.

We note that the problems, which the children developed, did not result from Mrs. Cunningham's career and there is no evidence that these problems are sufficient to constitute a change of circumstances. Finally, throughout the proceedings, the record indicates that Mrs. Cunningham's first priority is her children; she even offered to resign from the Navy, if necessary. Mrs. Cunningham maintains that because she is not subject to additional overseas assignments, the children will be staying in her care.

■ The record indicates that both parents have a good relationship with the children. In his brief, Mr. Cunningham argues that we should consider the excellent care he provided when he had custody of the children, prior to this Court's stay. However, evidence that the non-custodial parent enjoys a good relationship with his children standing alone is insufficient to justify a change of custody.

We find that the circuit court erred in modifying the legal custody arrangement established when Mr. and Mrs. Cunningham were divorced and that legal custody of the children should remain with their mother, Mrs. Cunningham.

For the above stated reasons, the judgment of the Circuit Court of Harrison County is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed.