C. T. RAWLS, Administrator of M. E. CARTER v. S. E. CARTER, et al.

*Judgment—Motion to Set Aside—Proceeding to Sell Land of Decedent for Assets—Parties.*

1. Where, in a proceeding to sell lands of a decedent for assets, there is an order of sale followed by a sale and decree of confirmation, the judgment can only be set aside by an independent action for that purpose.

2. In a proceeding by an administrator to sell land of a decedent for assets a creditor has no right to become a party plaintiff.

MOTION of Joseph L. Caven, a judgment creditor of M. E. Carter, deceased, to be made a party plaintiff in a proceeding for the sale of land for assets and to set aside a judgment previously rendered therein, heard before *Bryan, J.,* at Fall Term, 1896, of BUNCOMBE Superior

Court, on appeal from an order of the Superior Court Clerk. The facts are stated in the opinion of Chief Justice FAIRCLOTH.

*Messrs. Merrimon & Merrimon* for plaintiff.
*Mr. W. R. Whitson,* for J. L. Caven (appellant).

FAIRCLOTH, C. J. : The plaintiff administrator *c. t. a.* of M. E. Carter filed a petition before the clerk against the widow and heirs-at-law of said Carter to sell land for assets ; sale was ordered, sale made and confirmed and deed made by order of the court to the purchaser. After this, the only appellant, Jos. L. Caven, a judgment creditor of said Carter, claiming a lien on the land sold, petitioned the clerk to be made a party to said proceeding and to have the judgment and sale set aside. The clerk denied the petition, and on appeal the judge confirmed the order of the clerk and Caven only appealed to this Court.

It has been decided many times in this Court that when an action proceeds to final judgment, and in a proceeding like the present, the judgment can only be set aside in a direct proceeding for that purpose, that is, by an independent action. Nor has a creditor in a case like this a right to be made a party before judgment. *Dickey* v. *Dickey,* 118 N. C., 956 ; *Smith* v. *Gray,* 116 N. C., 311 ; *Carter* v. *Rountree,* 109 N. C., 29 ; *Uzzle* v. *Vinson,* 111 N. C., 138.

This is the only question presented.

Affirmed.