JOHN W. WALKER v. RUTH P. WALKER.

(Filed 22 February, 1933.)

**1. Trial H b—**

The decision of the court upon an issue of fact should be in writing and should contain a separate statement of the facts and the conclusions of law. C. S., 569.

**2. Homestead A b—Homestead exemption may not be claimed against sums ordered to be paid for support of minor child.**

In a decree of absolute divorce the wife was given the custody of a minor daughter and the husband was ordered to pay a certain sum monthly for the child's support, and to execute a bond securing such payments, the case being retained with leave to the parties to apply for a modification of the order. Upon a motion in the original cause for a renewal of the bond after the husband had been placed in a receiver's hands and had defaulted in the payments, an order was issued that the husband should pay the amount delinquent, that it should be a charge on his homestead and personal property exemption when allotted, and that the receiver pay the sums out of assets in his hands: *Held*, the order that the sums assessed should be a charge on the husband's homestead and personal property exemptions was authorized by the original order and by statute, C. S., 1664, and the receiver having filed an answer to the motion, he admitted that the assets were in excess of the husband's liabilities, rendering it unnecessary to decide whether the husband's exemptions should be first exhausted before resort to the assets in the receiver's hands.

**3. Judgments I b—Motion in original cause held proper remedy against sureties on bond given by order of court, the cause having been retained.**

Where a decree for absolute divorce is entered which provides that the husband should pay to his wife certain sums monthly for the support of his minor child left in the mother's custody, and that he should give bond securing the payments, and the cause is retained with leave to the parties to apply for a modification of the order: *Held*, the mother was an interested party, and the liability of the sureties of the bond is properly determined by a motion in the original cause, the action not being finally disposed of by the original decree for absolute divorce.

**4. Execution K c—Husband held entitled to hearing before execution against his person for failure to pay sums ordered for support of minor child.**

Where in a divorce decree the court orders that the husband pay certain sums for the support of his minor child, and the cause is retained, and upon motion in the cause it is determined that the husband was in default in the payments and he is ordered to pay the amount delinquent within a certain time: *Held*, execution against his person may not be entered without a hearing, and upon a judgment of the Supreme Court sustaining the order, the husband should be granted a reasonable extension of time for making the past-due payments.

**5. Judgments F b—**

   Order in this case held not to require duplicate payment by principal and sureties on bond securing payment of monthly sums for support of minor child.

.APPEAL from *Stack, J.*, at Chambers, 14 April, 1932, by D. H. Tillitt, receiver of John W. Walker, J. B. Carringer, and the executors of H. N. Wells, deceased. From CHEROKEE.

After signing a decree dissolving the bonds of matrimony between John W. Walker and Ruth P. Walker, Judge Bryson made an order on 21 December, 1923, awarding to the plaintiff the custody of a son and to the defendant the custody of Margaret Walker, an infant daughter, and adjudged that John W. Walker pay for the maintenance and support of his infant daughter certain stated sums in monthly installments until she arrived at the age of 21 years; also that he execute a sufficient bond in the sum of $7,500 with a bonding company licensed to do business in North Carolina conditioned for the faithful performance of his duties and the payment of said amounts. The cause was retained with leave to the parties to apply for a modification of the order.

At a special term held in December, 1923, Judge McElroy on motion of the plaintiff modified the order so as to permit the plaintiff to give a personal bond instead of one in a bonding company. The bond was executed by the plaintiff as principal and by H. N. Wells and J. B. Carringer as sureties. H. N. Wells is dead and Frank E. Haynes, H. V. Wells, and Mrs. Margaret Wells are his executors. J. B. Carringer is insolvent.

The plaintiff made the payments for the benefit of his infant daughter until October, 1931, since which time he has not complied with said order or made payment of any installment. Upon failure of the plaintiff to comply with the former order of the court the defendant made a motion in the cause for a renewal of the plaintiff's bond, and upon affidavits filed by the plaintiff, the defendant, the receiver and one of the executors, Judge Stack made an order that the plaintiff and his receiver, and J. B. Carringer and the executors of H. N. Wells, deceased, pay the defendant for the maintenance and support of Margaret Walker the sum of $175, the installments due and unpaid, that the receiver pay the same out of any money, property, or effects of the plaintiff, and that if payment should not be made within 20 days from 14 April, 1932, by the plaintiff or his receiver, execution should issue against Carringer, surety, and proper steps should be taken against the executors of H. N. Wells, who also was a surety. It was further adjudged that the homestead and personal property exemptions of the plaintiff, when allotted, should be specifically charged with the payment of said amounts; that the plaintiff

should make payment within 20 days from 14 April, 1932; and that the amount of the payments to be made from 2 April, 1932, to 2 April, 1935, be reduced to $10 per month, but that this reduction should not be allowed unless the sum of $175 was paid within 20 days from 14 April, 1932.

D. H. Tillitt, receiver of John W. Walker, and J. B. Carringer, and the executors of H. N. Wells excepted to the foregoing judgment and appealed to the Supreme Court.

*Ralph Moody and J. B. Gray for D. H. Tillitt, receiver.*
*J. D. Mallonee for J. B. Carringer and the executors of H. N. Wells.*
*M. W. Bell for Ruth P. Walker.*

ADAMS, J. Upon the trial of an issue of fact by the court its decision shall be given in writing and shall contain a separate statement of the facts found and the conclusions of law. C. S., 569; *Eley v. R. R.*, 165 N. C., 78. Conceding for the present purpose that the principle applies when mixed questions of fact and law are involved (*Foushee v. Patter-shall*, 67 N. C., 453) we think there is no substantial difference between the parties as to the facts upon which the controversy is to be determined.

The plaintiff did not appeal. The sums assessed against him are a debt of record and may be enforced by attachment in proper cases or by the milder form of a *fieri facias. Wood v. Wood*, 61 N. C., 538; *Sanders v. Sanders*, 167 N. C., 317. By its first order the court retained the cause subject to the right of either party at any time to apply for a modification of the order, and pursuant to this provision Judge Stack made the sums assessed a charge on the plaintiff's homestead and personal property exemptions when allotted. The modification was authorized by statute as well as by the order of the court. C. S., 1664. As remarked in *Sanders v. Sanders, supra*, if the maintenance of the child had not been declared a charge on the plaintiff's land "the decree might be made a nullity."

While the amount allowed for the support and maintenance of the infant is an obligation of record growing out of an appropriation or allotment under the police power (*Davis v. Bass*, 188 N. C., 200, 208), it is not an ordinary debt in the sense of a financial obligation against which the plaintiff may claim his homestead and personal property exemptions. This principle which has been applied to cases involving alimony or subsistence for the wife is also applicable to those which involve the support and maintenance of minor children. *Pain v. Pain*, 80 N. C., 322; *Anderson v. Anderson*, 183 N. C., 139; *Holton v. Holton*, 186 N. C., 355; *Sanders v. Sanders, supra;* C. S., 1664.

The duty of a father to support his minor child is correlative with the father's right to the custody, control, and earnings of the child. 20 R. C. L., 622; *Walker v. Crowder*, 37 N. C., 478; *Hagler v. McCombs*, 66 N. C., 346, 351; *Burke v. Turner*, 85 N. C., 500, 504; *Sanders v. Sanders*, 167 N. C., 319. The plaintiff's receiver filed an answer to the rule to show cause why he should not be required to pay the overdue payments out of the trust estate and therein admitted that the assets estimated at their reasonable market value are in excess of the plaintiff's liabilities. In view of this admission it is not necessary to consider the question whether the plaintiff's exemptions must be exhausted before resort is had to the assets in the hands of the receiver. We need only say that we find no error in the order affecting the plaintiff and the receiver of his estate. The plaintiff's estate has not been committed to a trustee in bankruptcy but to a receiver appointed by the Superior Court of Cherokee County.

It is contended that the liability of the sureties on the bond can be adjudged, if at all, only by an independent action and not by a motion in the cause. It is true that a new action is the mode of testing a final decree which has been carried into effect. *Rawles v. Carter*, 119 N. C., 596; *Sledge v. Elliott*, 116 N. C., 712; *England v. Garner*, 84 N. C., 212. In this case, however, not only was the action retained subject to further orders and decrees; it was provided that the plaintiff should make monthly payments to the mother of the child, and the condition of the bond was the plaintiff's compliance with the order. The mother was therefore an interested party. The action was not finally disposed of by the first decree, and a motion in the cause is the proper remedy.

The order in regard to the surviving surety and the executors of the deceased surety is free from error.

We do not understand that the order contemplates an immediate attachment against the plaintiff in case of his inability or failure to make the outstanding payments, for on this question he would be entitled to a specific hearing, or that the order contemplates duplicate payments by all the appellants. When the case goes back the court may grant a reasonable extension of time within which the past-due payments may be made, and as modified in this respect the judgment is affirmed.

Modified and affirmed.