0588

Herman Dwight FORTENBERRY, Respondent, v.
Linda Darnell FORTENBERRY, Appellant.

(338 S. E. (2d) 342)

Court of Appeals

*William A. Robinson, Jr.,* of *Robinson Law Firm, P.A.,* Easley, *for appellant.*

*William J. Barnes,* Greenville, *for respondent.*

Heard Oct. 16, 1985.

Decided Dec. 3, 1985.

LITTLEJOHN, Justice:

The plaintiff-respondent, Herman Dwight Fortenberry, husband, brought this action against the defendant-appellant, Linda Darnell Fortenberry, wife, seeking an order of the court permitting him to live separate and apart, adjusting property rights and determining child custody, etc. The wife has appealed on several grounds. All exceptions, other than that which alleges error on the part of the judge in refusing to allow the wife to testify concerning college expenses of one daughter, involve matters of discretion. We find no error in the discretionary rulings. That part of the appeal which has merit concerns the ruling of the judge in denying educational expenses to Cynthia, an 18-year-old girl child, desirous of attending college. The judge held that such a claim must be brought by the child herself against the father. We reverse.

In *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979) wherein this court established for the first time the right of an emancipated child to expenses for education, the relief was granted within a divorce action brought by the wife and mother. In *Kerr v. Kerr*, 278 S. C. 191, 293 S. E. (2d) 704 (1982), a separate action was brought by the child herself. While the issue was perhaps inartfully pled and while the relief may have been denied partially because the husband-father was making some contribution to the child's education, we think it would have been more proper, allowing amendments, if needed, to permit the parties to pursue and to thrash out this issue within the law suit under trial. Certainly, the child should not be denied the opportunity to pursue her claim for educational expenses. Upon remand, the mother-wife may in a petition within this action pursue this issue further or the child may bring a separate action.

Other than as stated above, we find the appeal to be without merit.

Affirmed in part; reversed in part; and remanded.

SHAW and GARDNER, JJ., concur.