0808

Joyce F. COFFEY, as Guardian ad Litem for Christopher Scott Gerard, a minor under fourteen (14) years of age, Respondent v. Richard VAS-QUEZ, Appellant.

(350 S. E. (2d) 396)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellant.*

*S. Jahue Moore,* West Columbia, *for respondent.*

Heard Sept. 16, 1986.

Decided Oct. 20, 1986.

GOOLSBY, Judge:

The respondent Joyce F. Coffey, as the guardian *ad litem* for the minor child Christopher Scott Gerard, brought this action for child support against the appellant Richard Vasquez. The family court ordered Vasquez to pay $40 a week as child support. The dispositive issue is whether a parent whose parental rights have been terminated owes a duty of support to his or her minor child. We reverse.

Prior to the commencement of the instant action, the South Carolina Department of Social Services (DSS) filed a paternity action against Vasquez. Christopher's mother, Jordan Gerard, was later added as a party to the action. Christopher was neither named a party to nor represented by a guardian *ad litem* in the action.

The parties in the paternity action reached a settlement. Vasquez agreed to acknowledge paternity and agreed to consent to the termination of his parental rights. The parties also agreed that Vasquez would be relieved of his financial responsibilities to the child. In its order, the family court "confirm[ed] the agreement ... as [the] decree of the court."

Shortly after DSS's suit against Vasquez was concluded, the family court appointed Coffey as Christopher's guardian *ad litem.* Coffey then commenced this action seeking to have Vasquez pay for Christopher's support.

Following a hearing, the family court held that Christopher was not bound by the portion of the prior order that terminated Vasquez's child support obligations because Christopher was not a party to the earlier action and it ordered Vasquez to pay child support; however, the family court left undisturbed the portion of the prior order that terminated Vasquez's parental rights.

In South Carolina, the family court may "compel the support of a ... child, whether legitimate or illegitimate." S. C. Code of Laws § 20-7-420(11) (1976). Its jurisdiction to

order support of a child, however, embraces only those persons "legally chargeable with the support of a . . . child." *Id.* § 20-7-420(16) (1976). Generally, a parent owes his or her minor child the duty of support. 59 Am. Jur. (2d) *Parent and Child* § 50 n. 4 at 138 (1971); *see* S. C. Code of Laws § 20-7-90 (1976); *Campbell v. Campbell,* 200 S. C. 67, 20 S. E. (2d) 237 (1942).

■ The duty of a parent to support his or her minor child is often viewed as correlative to the parent's rights in and to the child. *See, e.g., Walker v. Walker,* 204 N. C. 210, 167 S. E. 818 (1933); 59 Am. Jur. (2d) *Parent and Child* § 51 n. 15 at 139 (1971); 67A C.J.S. *Parent & Child* § 3 n. 29 (1978). Indeed, the term "parental rights," in the context of termination proceedings, has been construed to include both parental rights and parental obligations. *Anguis v. Superior Court In and For Maricopa County,* 6 Ariz. App. 68, 429 P. (2d) 702 (1967). In our view, a parent's obligation to feed, clothe and otherwise support a child, being correlative to the parent's rights in and to the child, does not exist where the parent's reciprocal rights in and to the child have been terminated.

■ Because Vasquez's parental rights in and to the minor child were terminated in the paternity action and the order appealed from left standing the termination of these rights, Vasquez is not a person legally chargeable for Christopher's support. The family court therefore erred in ordering Vasquez to pay child support.

We do not reach the issue of whether, at the time the paternity action was brought and Vasquez's parental rights were terminated, Christopher was a necessary party to the action. *See Abercrombie v. LaBoon,* 281 S. C. 188, 314 S. E. (2d) 847 (Ct. App. 1984), *appeal after remand,* 290 S. C. 35, 348 S. E. (2d) 170 (1986) (a minor child is a necessary party to any proceeding in which a statute requires the child be made a party or a guardian *ad litem* appointed); S. C. Code of Laws § 20-7-1568 (1976) (effective March 5, 1984) (a summons and petition for termination of parental rights must be served on the child); *Id.* § 20-7-1570 (effective March 5, 1984) (the child in a termination of parental rights proceeding must be appointed a guardian *ad litem); Id.* § 20-7-1580 (Cum. Supp. 1983), *repealed,* 1984 Acts

285 at 1523 (permits petition for termination of parental rights without an express requirement that either the minor child be served or a guardian *ad litem* be appointed); S. C. Code of Laws § 20-11-30 (1976); *amended,* 1978 S. C. Acts 634 at 1829, *repealed,* 1981 S. C. Acts 71 at 257 (a summons and petition shall be served on the child in a termination of parental rights action); *cf. Fortenberry v. Fortenberry,* 287 S. C. 336, 338 S. E. (2d) 342 (Ct. App. 1985) (a mother has standing to prosecute claim for emancipated child's college expenses).

Reversed.

SANDERS, C. J., and BELL, J., concur.