**Maria ESTES, Petitioner and Appellee,**

**v.**

**Terry ALBERS, Appellant.**

**No. 18143.**

Supreme Court of South Dakota.

Considered on Briefs April 21, 1993.

Decided Aug. 18, 1993.

Michael T. Hogan, Sp. Asst. Atty. Gen., Aberdeen, for petitioner and appellee.

William D. Gerdes, Aberdeen, for appellant.

PER CURIAM.

Terry Albers (Albers) appeals from an order modifying his child support obligation for Taren Estes (Taren). We affirm.

### FACTS

Maria Estes (Estes) and Albers have never been married. Estes asked Albers, however, to father a child for her. Albers agreed to do so after he and Estes agreed that he would have no financial responsibility for the child. Their child, Taren, was conceived naturally and was born on November 22, 1986.

After Taren's birth, the office of Child Support Enforcement of the Department of Social Services became involved in the case. In December 1987 Albers stipulated that he was Taren's father and agreed to support her. In January 1988, the trial court, Circuit Judge Evans, filed a judgment and order incorporating this stipulation and decreeing Albers to be Taren's natural father responsible for her financial support. Notice of entry of judgment was not given.

In April 1988, Albers again stipulated that he was Taren's father, who was responsible for her support, and that he owed $2,190.20 in arrearages. A May 1988 judgment signed by Circuit Judge Gilbertson reflected this. No notice of entry was given.

Albers signed a third stipulation in July 1988. In August 1988 Judge Dobberpuhl entered an order decreeing Albers to be Taren's natural father and ordering $125 monthly child support. No notice of entry was given.

In November 1989 Estes filed a petition for modification of child support seeking an increase to $380 per month. Judge Evans appointed attorney Forrest Allred as the referee. SDCL 25–7A–22. Allred refused Albers' request to absolve him from any child support:

> d. *Effect of "Arranged Pregnancy".* As stated above, the parties have never been married to each other. Terry testified that the pregnancy which resulted in the birth of Taren Estes was arranged or requested by Maria. At a time when each party was single, Maria asked Terry to father a child. She told him, orally, that if he would consent to do so, she would never ask for any child support from him. He thus consented to do so, and did so. He now agrees that this decision was perhaps not wise, but argues that he should now be absolved of child support obligations because of Maria's promise. Even assuming for purposes of argument the complete accuracy of Terry's testimony, sound public policy does not justify such a permanent waiver. Should Terry legally terminate his parental rights this would end his child support obligation with respect to the child as well. S.D.C.L. § 25–5A–18. He has not done so. His requested deviation on this basis is denied.

Allred recommended that Albers' child support be modified to $165 per month.

The circuit court, Judge Gilbertson, agreed with Referee Allred. The circuit court rejected Albers' claims that he fell within the classification of an anonymous semen donor or the case should be treated as one of artificial insemination. The cir-

cuit court found that Albers had a statutory obligation to support his daughter.

## ISSUE

### CAN A FATHER BE PERMANENTLY RELIEVED OF THE DUTY TO SUPPORT A MINOR CHILD BY AGREEMENT WITH THE MOTHER?

█ Albers does not deny that he is the natural father of Taren. Rather, he argues that his legal status is nothing more than a semen donor. Thus, he contends he should be afforded the protection which some jurisdictions' statutory and case law provide to men who anonymously donate semen to women who are then artificially inseminated. Annotation, *Rights and Obligations Resulting from Human Artificial Insemination*, 83 A.L.R. 4th 295 (1991). Generally, anonymous semen donors are shielded from the rights and responsibilities, including child support, of parenthood while the married or unmarried donee is protected from the donor's assertion of parental rights. *Id.*

This is not a case of artificial insemination by an anonymous donor. Albers and Estes were friends. Albers agreed to father her child after the two agreed that he would not be responsible for child support. The child was conceived naturally. Albers has acknowledged his paternity and, on three occasions, agreed to child support.

In South Dakota, the parents of a child are jointly and severally obligated to maintain, educate and support their child in accordance with their respective means. SDCL 25-7-6.1. A "mother may recover from the father a reasonable share of the necessary support of a child born out of wedlock." SDCL 25-8-5. A mother's agreement with the alleged father concerning support of a child born out of wedlock is binding "only if adequate support is se-cured by payment, or otherwise, and if approved by a court having jurisdiction to compel support of the child." SDCL 25-8-8. An agreement not meeting these requirements is void. *Id.*

The agreement between Albers and Estes was not secured by adequate support nor was it court approved and entered as an enforceable judgment. Consequently, it is void. SDCL 25-8-8. This result is consistent with the public policy that parental agreements which have the effect of making a child a public charge cannot be countenanced and a support agreement injurious to the best interest of the child is invalid for any purpose. 67A C.J.S. *Parent & Child* § 60 (1978).

Estes has filed a motion for attorney's fees. The motion filed by Special Assistant Attorney General Michael T. Hogan asks this Court to award the State of South Dakota $447.15 in attorney's fees and costs. Hogan was assigned to this case by the Office of Child Support Enforcement in August 1992. SDCL 15-17-38 provides, in part, that "[t]he Court, if appropriate, in the interest of justice, may award payment of attorney's fees in all cases of divorce, annulment of marriage, determination of paternity, separate maintenance, support or alimony." Accordingly, the motion for attorney's fees in that amount is granted.

The order appealed from is affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.