711 So.2d 125 (1998)
Mariana PONTON, Appellant,
v.
Jesus TABARES, Appellee.
No. 96-3067.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Rehearing Denied June 17, 1998.
Calzon, Gayoso & Gersten, and Carmen Calzon and Gonzalo A. Gayoso, Miami, for appellant.
Mary Raymond, Miami, for appellee.
Raoul G. Cantero, III, Coconut Grove, and David Lawrence, III, Miami, for Dade County Guardian Ad Litem Program as amicus curiae.
Before COPE, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
Mariana Ponton (wife) appeals the lower court's Final Order on Petitioner's Motion to Terminate Child Support.
*126 In 1995, the guardian ad litem filed a petition for dependency in the Juvenile Division of the Circuit Court, alleging that Jesus Tabares (husband) had sexually abused his daughter, M.T. (child). Immediately prior to the final hearing on the petition, the guardian ad litem filed a petition for termination of parental rights. The husband then executed a voluntary written consent to termination of parental rights. The wife stated to the juvenile court that she would not seek continued child support. The court terminated the husband's parental rights, finding it was in the child's best interests.
In 1996, the husband petitioned the Family Division of the Circuit Court (which had dissolved the parents' marriage in 1994, before the commencement of the dependency proceedings in the juvenile division) to terminate his child support obligations. The wife opposed the petition. The guardian ad litem supported the petition.
The family court heard testimony and argument on the petition for two days. The court also reviewed the pleadings and transcripts from the dependency proceedings. Finding no Florida case on point, the lower court relied on cases from other states holding that child support obligations end when parental rights are terminated. The lower court granted the petition, finding that when the husband's parental rights were terminated, he was no longer a "parent" as defined by Florida Statutes. The wife appeals.
Chapter 61 of the Florida Statutes imposes upon "parents" an obligation to pay child support. Florida law defines the word "parent" as follows:
Parent means a woman who gives birth to a child and a man whose consent to the adoption of a child would be required under Florida Statute 63.062(1)(b). If a child has been legally adopted, the term "parent" means an adopted mother or father of the child. The term does not include an individual whose parental relationship to the child has been legally terminated, or an alleged or prospective parent, unless the parental status falls within the terms of either § 39.4051(7) or § 63.062(1)(b).
§ 39.01(48), Fla. Stat. (Supp.1996)(emphasis added). The clear and unambiguous language of this statute can lead to only one conclusion; the husband in this case ceased to be a parent when his parental relationship to the child was terminated. Accordingly, the trial judge correctly ruled that the husband's obligation to pay child support ended when his parental rights were terminated.
Like the trial judge, we can find no Florida precedent on point. Our research reveals that in the absence of specific legislation to the contrary, other jurisdictions have reached the same conclusion as we do here. See Department of Human Resources v. Ammons, 206 Ga.App. 805, 426 S.E.2d 901 (1992), cert. vacated, 263 Ga. 382, 436 S.E.2d 316 (1993); Chiapelli v. Viviano, 225 Ill. App.3d 1026, 168 Ill.Dec. 84, 589 N.E.2d 198 (1992); State ex rel. Secretary of Soc. and Rehabilitation Servs. v. Clear, 248 Kan. 109, 804 P.2d 961 (1991); State v. Smith, 571 So.2d 746 (La.Ct.App.1990); Coffey v. Vasquez, 290 S.C. 348, 350 S.E.2d 396 (Ct.App. 1986).[1]
Both the husband and the guardian ad litem have requested that we recommend to the Florida Legislature that it adopt a statute similar to one enacted by the State of Arizona, which continues the obligation to pay child support upon a parent whose parental rights have been terminated.[2] We respectfully decline that invitation. Although a superficial examination of this issue suggests that it is in the better interest of a child to retain his or her right to financial support from a parent after the termination of parental rights, there are other considerations which strongly suggest that a total severance of all ties to the parent(s) may, in fact, be in the best interest of the child.
Affirmed.
NOTES
[1] We note that the guardian ad litem filed an amicus brief in this case which argues for affirmance of the trial court's order.
[2] Ariz.Rev.Stat. § 8-538(C) (1997).