2002 SD 12

**Jean THOMAS f/k/a Jean Hauge, Plaintiff and Appellee,**

v.

**Owen HAUGE, Defendant and Appellant.**

**No. 21917.**

Supreme Court of South Dakota.

Jan. 23, 2002.

Thomas M. Tobin of Tonner, Tobin & King, Aberdeen, South Dakota, Attorneys for plaintiff and appellee.

Forrest C. Allred of Hyde & Allred Law Office, Aberdeen, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Owen Hauge appeals from an order that determined that, notwithstanding a prior stipulation and order irrevocably waiving child support, Owen has a duty to pay child support to Jean Hauge for the support of their minor daughter, Rachel. We affirm.

## FACTS

[¶ 2.] When Owen and Jean divorced in 1997, the judgment and decree of divorce incorporated their stipulated property, alimony, support, child custody and visitation, and child support agreement. They agreed to joint legal custody of their three children with Jean receiving primary physical custody. Owen agreed to pay $540 per month in direct child support and $69 for his share of the children's health insurance.

[¶ 3.] In 1998 the judgment and decree of divorce was modified in accordance with the parties' stipulation. Owen received custody of Robert while Jean retained custody of Emily and Rachel. Owen's child support obligation was set at $304 "which is net of [Jean's] obligation to Owen for child support of Robert."

[¶ 4.] By June 1999 both parties' legal obligation to provide child support for Robert ceased. The parties then stipulated that Owen would have the primary physical care of Rachel. Jean retained physical care of Emily. The stipulation and the court's order modifying the judgment and decree of divorce in accordance with the stipulation provided:

> All claims of either party for child support against the other party, whether past, present or future, are permanently and irrevocably waived, and all such claims, assertions, orders, or judgments, are hereby satisfied in full.

[¶ 5.] In December 1999 Jean filed a motion to grant her custody of Rachel and to set child support for Emily and Rachel. In her supporting affidavit she alleged that placement of Rachel with Owen "has been a disaster for the child." Owen, an over the road truck driver, was gone a majority of the time leaving Rachel with her stepmother. They did not get along and Rachel ran away five times. She was now living in a foster home subject to a CHIN's petition filed in Newcastle, Wyoming. The circuit court ultimately ordered that Jean would have physical custody of Rachel. It also ordered Owen to pay $310 per month as child support for Rachel.

## ISSUE

[¶ 6.] **Can a father be permanently relieved of the duty to support his minor child by agreement with the mother and court approval?**

## DISCUSSION

[¶ 7.] "Parents are obligated to provide support for their children." *Kost v. Kost*, 515 N.W.2d 209, 214 (S.D.1994). The parents' obligation to provide support for their children is a matter of public policy, as well as a statutory duty. *Vander Woude v. Vander Woude*, 501 N.W.2d 361 (S.D.1993); SDCL 25–5–18.1; SDCL 25–7–6.1. "The children's best interest requires that they be supported." *Stach v. Stach*, 369 N.W.2d 132, 136 (S.D.1985).

[¶ 8.] A support agreement injurious to the best interest of the child violates public policy and is invalid for any purpose. *Estes v. Albers*, 504 N.W.2d 607 (S.D.1993).

> The parents cannot make a valid irrevocable contract which will relieve them of the duty to support and educate their minor children; the rights of children to support and maintenance cannot be bargained away. Accordingly, parental

agreements which have the effect of making a child a public charge cannot be countenanced, and a support agreement which is injurious to the best interest of a child is invalid for any purpose. In particular, the father may not by contract avoid his duty to support and educate his minor children, and a wife cannot contract away the right of children to be supported by their father. An agreement between the father and mother which attempts to relieve the father of his obligation is, as between the father and children, ineffective as a violation of public policy; and where the father and mother are equally and jointly charged by statute for the maintenance of their children, an agreement by the mother to perform her statutory duty does not discharge the father's statutory obligation.

67A CJS *Parent and Child* § 60 (1978). A trial court errs when it incorporates a stipulated permanent waiver of support in its judgment, order, or decree because the provision is contrary to public policy and unenforceable.* *Aumock v. Aumock*, 410 N.W.2d 420 (Minn.App.1987).

---

* Owen contends SDCL 25–7A–17 relieves him of child support because his stipulation with Jean waiving all child support was court approved. We disagree. SDCL 25–7A–17 provides:

> An agreement between parents or other responsible persons relieving a party of any duty of support or responsibility or purporting to settle past, present or future support obligations as settlement or prepayment may not act to reduce or terminate any rights of the department of social services or any support obligee to recover from parents or other responsible persons for support provided, unless the department or any support obligee has consented to the agreement in writing and the agreement has been approved by a court of competent jurisdiction.

SDCL 25–7A–17 clearly is designed to restrict a party's ability to contract away a duty of support. *Sharp v. Sharp*, 422 N.W.2d 443,

■ [¶ 9.] We also note that SDCL 25–4–45 provides, in part, "[i]n an action for divorce, the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

> "Circuit courts have continuing jurisdiction to modify child support obligations and are statutorily infused with broad powers to implement modifications 'from time to time.' SDCL 25–4–41, and 'as may seem necessary or proper.' SDCL 25–4–45." *Dryden*, 409 N.W.2d at 651 (citations omitted). A child support agreement may be modified even though it was originally based on a stipulation between the parties. *Jameson II*, 306 N.W.2d at 242; *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381, 383 (S.D. 1980). "The parties' agreement cannot deprive the courts of their power to modify support obligations." *McGee v. McGee*, 415 N.W.2d 812, 813 (S.D.1987).

*Jacobson v. Jacobson*, 2000 SD 60, ¶ 12, 611 N.W.2d 210, 213–214.

---

447 (S.D.1988). The crux of that statute is that agreements purporting to relieve a parent of a duty of support "may not act to reduce or terminate any rights" of DSS or any support obligee to recover from the parents "for support provided," i.e. arrearages, unless court approved. *See Vander Woude v. Vander Woude*, 501 N.W.2d 361 (S.D.1993). Owen and Jean's stipulation had nothing to do with arrearages. SDCL 25–7A–17 simply does not apply. *See, Sharp v. Sharp*, 422 N.W.2d at 447. We observe, however, that "[p]ublic policy is found in the letter or purpose of a constitutional or statutory provision or scheme, or in a judicial decision." *Jasper v. Smith*, 540 N.W.2d 399, 403 (S.D.1995). Any suggestion that SDCL 25–7A–17 allows the permanent and irrevocable waiver of child support flies in the face of the public policy of this state found in the statutory child support scheme and the decisions of this Court.

 **[¶ 10.]** *Jacobson*, 2000 SD at ¶ 16, 611 N.W.2d at 215–216, also makes it clear that a trial court has the authority to modify a child support stipulation that it earlier had approved:

A court can not impose certain arrangements on the parties as a condition of granting a divorce. However, once the parties have stipulated to a provision and incorporated it into their divorce agreement, the court has authority to approve or reject the agreement. If it approves, it also has the authority to later modify a provision as part of the overall modification of the decree. This holding finds support in *Connolly v. Connolly*, 270 N.W.2d 44, 47 (S.D.1978), where, regarding the modifiability of alimony orders, we stated:

We conclude that when read together [our alimony statutes] contemplate that a husband's duty of support may be the subject of a valid agreement entered into between the parties to a marriage subsequent to the marriage and in contemplation of separation or divorce, but that in the event of a divorce the trial court has the ultimate authority to approve or reject the agreement and, if it approves the agreement, to later modify the provisions for support.

*Accord Shoop v. Shoop*, 58 S.D. 593, 600, 237 N.W. 904, 907 (S.D.1931) (surmising that court would be deprived of statutorily prescribed jurisdiction in holding that because the court incorporated provision from parties' stipulated agreement into divorce decree, the decree is not subject to modification).

**[¶ 11.]** Consequently, the trial court approved stipulation of the parties which permanently and irrevocably waived child support was contrary to the public policy of this state, invalid, and void. The trial court clearly had the authority to modify its order regarding support. There was no error in its decision to order Owen to pay $310 per month for the support of Rachel.

**[¶ 12.]** The order is affirmed.

**[¶ 13.]** GILBERTSON, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, and GORS, Acting Justice, participating.