2003 OK 86

**Debra Diane McCABE, now Lindsay, Appellee,**

v.

**Keith Michael McCABE, Appellant.**

**No. 96,036.**

Supreme Court of Oklahoma.

Oct. 14, 2003.

Oklahoma to obtain reimbursement of money thus expended."

See also 78 P.3d 951.

Sandee Coogan, Sandee Coogan Law Office, Norman, OK, for appellant.

Jim Pearson, Jim Pearson, P.C., Oklahoma City, OK, for appellee.

WINCHESTER, J.

¶1 The issue before us is whether a trial court may now establish future child support and set an arrearage for retroactively established child support when the parties agreed in a 1990 divorce to termination of any parental rights the husband had to a newborn child, and further agreed that the mother was not entitled to receive any child support on behalf of the newborn.  The agreement

was approved by a court and was not appealed. We answer that under the statutes applicable when the divorce was granted, the termination of parental rights to the child also terminated the husband's child support obligations. The legal issue and facts of this appeal are similar to those before us in *State ex rel. Overstreet v. Overstreet,* 2003 OK 87, 78 P.3d 951, also decided today.

## FACTS

¶ 2 In May 1989, when the appellant, Keith Michael McCabe, married the appellee, Debra Diane McCabe, now Lindsay, she was pregnant. In August 1989, Lindsay sought separate maintenance, and in September 1989, McCabe counter sued for divorce. A son was born on February 7, 1990. Lindsay subsequently amended her petition and sought divorce. The next month, McCabe moved to compel a blood test for the child since he claimed he was not the child's natural father. The parties reached an agreement where McCabe would give up any parental rights in a termination proceeding. The trial court informed Lindsay that she would not be entitled to any child support since McCabe's parental rights were being terminated. She acknowledged that she understood this. The child's paternal grandparents relinquished their rights. The trial court entered a divorce decree on May 18, 1990, terminated McCabe's parental rights, and awarded custody to Lindsay. The court did not set child support. Both parties were represented by counsel. Neither party appealed.

¶ 3 On December 3, 1997, Lindsay filed a motion seeking child support. Lindsay filed an amended motion on May 11, 1998. After a hearing, the trial court granted Lindsay's motion and ordered McCabe to begin payment of child support of $551.12 per month, beginning October 1, 1998. The court additionally determined that McCabe owed $14,329.12 for past child support, and childcare from October 1, 1998 to November 30, 2000, in the amount of $1,307.25. The judgment included an income assignment, and denied Lindsay's motion for attorney fees. Both parties appealed.

## EFFECT OF TERMINATION OF PARENTAL RIGHTS ON CHILD SUPPORT

¶ 4 The current law on this issue of whether termination of parental rights terminates the duty to support is found in 10 O.S.2001, § 7006–1.3, and provides that termination of parental rights shall not terminate the duty to support the minor child until a final decree of adoption has been entered.[1] Before 1994, and at the time the parties' divorce decree was entered, the statute, codified at 10 O.S. 1981, § 1132, provided:

"The termination of parental rights terminates the parent-child relationship, including the parent's right to the custody of the child and his right to visit the child, his right to control the child's training and education, the necessity for the parent to consent to the adoption of the child and the parent's right to the earnings of the child, and the parent's right to inherit from or through the child. Provided, that nothing herein shall in any way affect the right of the child to inherit from the parent."

1968 Okla.Sess.Laws, ch. 282, § 132.

¶ 5 Lindsay argues that a careful reading of this statute shows termination eliminated

---

1. Title 10 O.S.2001, § 7006–1.3 provides:
"A. The termination of parental rights terminates the parent-child relationship, including the parent's right to the custody of the child and the parent's right to visit the child, the parent's right to control the child's training and education, the necessity for the parent to consent to the adoption of the child, the parent's right to the earnings of the child, and the parent's right to inherit from or through the child. Provided, that nothing herein shall in any way affect the right of the child to inherit from the parent.
"B. 1. Except for adoptions as provided in paragraph 3 of this subsection, termination of parental rights shall not terminate the duty of either parent to support his or her minor child.

"2. Any actual notice of termination of parental rights and order terminating parental rights shall indicate that the duty of the parent to support his or her minor child will not be terminated except for adoption as provided by paragraph 3 of this subsection.
"3. Child support orders shall be entered by the court that terminates parental rights and shall remain in effect until the court of termination receives notice from the placing agency that a final decree of adoption has been entered and then issues an order terminating child support and dismissing the case."

the parent's benefits of the parent-child relationship, but did not eliminate the child's benefits of that relationship. To support this assertion, Lindsay adds that the only benefit to the child of that relationship, the right to inherit from the parent, was specifically preserved. Lindsay also cites 12 O.S.Supp.1987, § 1277(B),[2] which provided:

"Any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a dependent child is regularly and continuously attending high school, said child shall be entitled to support by the parents through the age of eighteen (18) years."

¶ 6 Lindsay then cites *State Dept. of Human Services ex rel. K.A.G. v. T.D.G.,* 1993 OK 126, ¶ 7, 861 P.2d 990, 992–993, as support for her assertion that parents cannot use the court system to deprive a child of the statutory benefit of child support. She concludes that a child's right to be supported by his father is firmly established in Oklahoma statutory law, and the child's right cannot be terminated by the parent. We disagree with Lindsay's conclusions.

¶ 7 In *K.A.G.,* the child was born to an unwed mother. She and the putative father executed a release that attempted to settle a paternity dispute between the two. He acknowledged that he was not the father and would release all claims to the child in exchange for a release from the mother agreeing not to prosecute a paternity action, nor to seek child support. Although she didn't seek support from him directly, ten years later she applied for and received Aid to Families with Dependent children. The Department of Human Services commenced an action to determine paternity and establish support obligations. This Court held that a release attempting to deprive permanently a child of support is void as against public policy, and did not prevent the Department of Human Services from bringing a paternity action and establishing support obligations pursuant to statute, 10 O.S.1991, § 89.

¶ 8 The Court observed that courts in other jurisdictions which had addressed the issue were uniform in holding. that an illegitimate child's right to support cannot be contracted away by its mother. Among the reasons for striking the agreement was that the agreement had not been approved by a tribunal. *K.A.G.,* 1993 OK 126, ¶¶ 7, 8, 861 P.2d at 993. In contrast, the case now before this Court is distinguishable from *K.A.G.* because the agreement to terminate the parental rights of McCabe was approved by the court that granted the divorce after a hearing on the issue. The May 18, 1990, Decree of Divorce, which terminated McCabe's parental rights, was not appealed.

■ ¶ 9 The question before us is not whether a parent has a duty to support a child. The question is: How does termination of parental rights affect the duty to support? The applicable statute is, as stated above, 10 O.S.1981, § 1132. It provides: "The termination of parental rights terminates the parent-child relationship...." It then lists some of the effects of the termination by adding the word "including." The list includes loss of custody, visitation, control of the child's training and education, right to consent to adoption, right to earnings, and right to inherit from the child. Termination of the parent-child relationship suggests severance of the rights of the parent as well as the rights of the child.

¶ 10 In considering the term "parental rights" *Anguis v. Superior Court,* 6 Ariz. App. 68, 71, 429 P.2d 702, 705 (Ariz.App.1967) held:

"[W]e construe the term 'parental rights' in the broader term as the sum total of the rights of the parent or parents in and to the child as well as the rights of the child in and to the parent or parents. In other words, we construe parental rights to include both parental rights and parental obligations."

That sentence is quoted with approval by *County of Ventura v. Gonzales,* 88 Cal. App.4th 1120, 1123, 106 Cal.Rptr.2d 461, 464,

---

**2.** This section was renumbered by 1989 Okla. Sess.Laws, ch. 333, § 1, as 43 O.S. § 112. The renumbering became effective after Lindsay's petition for separate maintenance was filed on August 9, 1989, but before the decree of divorce was filed on May 25, 1990. Subsection B in 12 O.S.Supp.1987, § 1277 is now subsection E in 43 O.S.Supp.2002, § 112.

*Roelfs v. Wallingford,* 207 Kan. 804, 811, 486 P.2d 1371, 1376 (1971), and *Department of Human Resources v. Vine,* 99 Nev. 278, 283, 662 P.2d 295, 298, (1983), *cert. den.,* 464 U.S. 977, 104 S.Ct. 413, 78 L.Ed.2d 351 (1983).

¶ 11 In *State of Kansas ex rel. Secretary of Social and Rehabilitation Services v. Clear,* 248 Kan. 109, 115, 804 P.2d 961, 965–966 (1991), the Supreme Court of Kansas noted that during the termination of parental rights the focus is "a final and permanent settlement of all problems of custody and supervision by a complete and final divestment of all legal rights, privileges, duties, and obligations of the parent and child with respect to each other and by replacement of the natural parent by another guardian or adoptive parent." Quoting *Roelfs,* 207 Kan. at 811, 486 P.2d 1371.

¶ 12 Our research reveals a majority of the courts in sister states have held that, absent a statute directing otherwise, an order terminating parental rights severs the parent-child relationship to the degree that the parent no longer owes a duty to support the child.[3] We agree with this view and so hold.

### ATTORNEY FEES

¶ 13 Lindsay appeals the trial court's order denying her application for attorney fees. In subsequent actions to domestic relations cases, either party may be required to pay the reasonable expenses of the other in the prosecution or defense of the action. 43 O.S.Supp.2003, § 110(E)[4]; *Merritt v. Merritt,* 2003 OK 68, ¶ 20, 73 P.3d 878. The action terminating McCabe's parental rights was a part of the divorce and child custody and therefore fits within the subject of § 110, "Orders concerning property, children, support and expenses." The order presently under consideration is a subsequent action within the contemplation of the statute. Attorney fees are granted only to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities after the trial court takes into account what is just and equitable considering the means and property of the respective parties. Unless the trial court abuses its discretion, the court's decision will not be disturbed. *Hester v. Hester,* 1983 OK 50, ¶ 7, 663 P.2d 727, 729. After considering the order of the trial court, and our holding that termination of parental rights also terminates the parental duty of support, we find that the trial court did not abuse its discretion in denying application for attorney fees.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT REVERSED.

ALL JUSTICES CONCUR.

---

3. The following jurisdictions hold the majority view: *Erwin v. Luna,* 443 So.2d 1242, 1244 (Ala. Civ.App.1983); *County of Ventura v. Gonzales* 88 Cal.App.4th 1120, 106 Cal.Rptr.2d 461, 462 (2001); *In re Bruce R.,* 234 Conn. 194, 662 A.2d 107, 111 (1995); *Ponton v. Tabares,* 711 So.2d 125, 126 (Fla.Ct.App.1998); *Department of Human Res. v. Ammons,* 206 Ga.App. 805, 426 S.E.2d 901, 902 (1992); *Kansas ex rel. Sec'y of Soc. & Rehab. Servs. v. Clear,* 248 Kan. 109, 804 P.2d 961, 966 (1991); *Mauk v. Mauk,* 873 S.W.2d 213, 216 (Ky.Ct.App.1994); *Louisiana v. Smith,* 571 So.2d 746, 748 (La.Ct.App.1990); *In re Estate of Braa,* 452 N.W.2d 686, 688 (Minn.1990); *Schleisman v. Schleisman,* 989 S.W.2d 664, 671 (Mo.Ct.App.1999); *Nevada v. Vine,* 99 Nev. 278, 662 P.2d 295, 297–98 (1983); *Gabriel v. Gabriel,* 519 N.W.2d 293, 295 (N.D.1994); *In re Scheehle,* 134 Ohio App.3d 167, 730 N.E.2d 472, 475 (1999); *Kauffman v. Truett,* 771 A.2d 36, 39 (Pa.Super.2001); *Coffey v. Vasquez,* 290 S.C. 348, 350 S.E.2d 396, 398 (Ct.App.1986); *Estes v. Albers,* 504 N.W.2d 607, 608 (S.D.1993); *Swate v. Swate,* 72 S.W.3d 763, 771 (Tex.Ct.App.2002); *Virginia ex rel. Spotsylvania County Dep't of Soc. Servs. v. Fletcher,* 38 Va.App. 107, 562 S.E.2d 327, 329 (2002); *In re Dependency of G.C.B.,* 73 Wash.App. 708, 870 P.2d 1037, 1042 n. 6 (1994).

These jurisdictions conclude that child support obligations continue after parental rights have been terminated: *Evink v. Evink,* 214 Mich.App. 172, 542 N.W.2d 328, 331 (1995); *Rhode Island v. Fritz,* 801 A.2d 679, 685 (R.I.2002); *Rebecca Lynn C. v. Michael Joseph B.,* 213 W.Va. 744, 584 S.E.2d 600 (2003).

4. Title 43 O.S.Supp.2003, § 110(E) provides: "The court may in its discretion make additional orders relative to the expenses of any such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the dissolution of marriage action made for the benefit of either party or their respective attorneys."