BRYAN, Judge.
M.D.C. (“the mother”) arid K.D. (“the father”) married, and two minor children were born of the marriage. The mother and the father divorced in February 2003. The divorce judgment awarded the mother custody and ordered the father to pay child support in the amount of $540 per month. In October 2005, a juvenile court granted the mother’s petition seeking to terminate the father’s parental rights regarding their two minor children.
On January 4, 2007, the State of Alabama, on behalf of the mother, petitioned the trial court to require the father to show cause why he should not be held in contempt for his alleged failure to pay his monthly child-support obligation. In its petition, the State alleged that the father had accrued an arrearage totaling $28,776.60. The father answered, denying the material allegations stated in the petition.
The trial court held a hearing on April 11, 2007. The trial court then entered a judgment.on May 6, 2007, finding, among other things, the father in arrears in the amount of $16,730 plus $486 in interest as of October 2005. The father and the State both moved the trial court to alter, amend, or vacate its judgment or, in the alternative, to grant a new trial.
The record establishes that all the parties agreed to extend the time for the trial court to rule on the parties’ postjudgment motions. See Rule 59.1, Ala. R. Civ. P. The trial court subsequently granted both parties a new trial. On January 18, 2008, the trial court entered a judgment that, among other things, concluded that the father’s obligation to pay child support was extinguished when his parental rights regarding the children were terminated. The mother then timely appealed.
On appeal, the mother argues that the trial court erred by determining that the father’s obligation to pay child support was extinguished when his parental rights were terminated. “[W]hen an appellate court is presented with an issue of law, we review the judgment of the trial court as to that issue de novo.” Henderson v. Henderson, 978 So.2d 36, 39 (Ala.Civ.App.2007) (citing Ex parte Perkins, 646 So.2d 46 (Ala.1994)).
The mother presents an issue of first impression. The Child Protection Act (“CPA”), codified at § 26-18-1 et seq., Ala. Code 1975, which governs the termination of parental rights, does not address the issue of a parent’s obligation to pay child support after termination of his or her parental rights. Although Alabama appellate courts have not directly addressed the issue, our appellate courts have indicated that a parent is no longer obligated to pay child support after that parent’s parental rights have been terminated.
In Ex parte Brooks, 513 So.2d 614 (1987), overruled on other grounds by Ex parte Beasley, 564 So.2d 950 (Ala.1990), a father sought a judgment terminating his parental rights. In reversing this court’s affirmance of the judgment granting the termination, the court in Brooks stated: “The Child Protection Act of 1984 ... was not intended as a means for allowing a parent to abandon his child and thereby to avoid his obligation to support the child through the termination of parental rights.” Id. at 617 (emphasis added). In C.M. v. D.P., 849 So.2d 963 (Ala.Civ.App.2002), this court affirmed a juvenile court’s judgment denying a father’s petition to terminate his parental rights. In C.M., this court stated: “The supreme court [in Ex parte Brooks ] found that there was no clear and convincing evidence indicating that termination would be in the child’s *1107 best interest, because all future rights to support, parental affiliation, and inheritance would be severed, with the child receiving nothing in return. [Brooks, 513 So.2d] at 617.” 849 So.2d at 965-66 (emphasis added). The court in CM. further concluded that “it is not in the child’s best interests to be alienated from any future right to financial support, parental affiliation, and inheritance.” 849 So.2d at 966 (emphasis added). Accordingly, Brooks and C.M. indicate that a parent is not obligated to pay support upon the termination of his or her parental rights. See also State ex rel. McDaniel v. Miller, 659 So.2d 640, 642 (Ala.Civ.App.1995) (reversing the trial court’s judgment and rendering a judgment denying two parents’ joint petition to terminate a father’s parental rights, concluding that the trial court failed to consider that “[t]he child’s right to current and future support, including, possibly, payment of a college education, and the child’s right of inheritance from the father” would end upon termination); and Ex parte University of South Alabama, 541 So.2d 535, 538 (Ala.1989) (stating, in dicta, that “[a] child has this fundamental right to financial support until its majority or death or a legal termination of parental rights,” in concluding that a father was obligated to pay medical expenses incurred on the child’s behalf). Furthermore, as Judge Moore has recently stated:
“[T]he termination of parental rights ‘necessarily precludes the parent from later attempting to reestablish his or her visitation privileges, right to custody, or other parental rights with the child or children in question.’ [In re] Grayson, 419 So.2d [234,] 237 [(Ala.Civ.App.1982)] (Bradley, J., concurring specially). At the same time, an order terminating parental rights divests the child of his or her right to maintenance and support and inheritance from the natural parent, to association with the natural parent, and other legal rights attendant to the parent-child relationship. See Ex parte Brooks, 513 So.2d 614 (Ala.1987).”
J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1211 (Ala.Civ.App.2007) (Moore, J., concurring in the result) (emphasis added).[1]
Other jurisdictions have held that, in certain instances, a parent’s obligation to pay child support does not end when his or her parental rights are terminated. See, e.g., Evink v. Evink, 214 Mich.App. 172, 176, 542 N.W.2d 328, 331 (1995); State of Rhode Island v. Fritz, 801 A.2d 679, 685 (R.I.2002); and Adoption of Marlene, 443 Mass. 494, 822 N.E.2d 714 (2005). However, a majority of states have held that the termination of a parent’s parental rights extinguishes a parent’s duty to support the child. McCabe v. McCabe, 78 P.3d 956, 960 (Okla.2003). See, e.g., County of Ventura v. Gonzales, 88 Cal.App.4th 1120, 106 Cal.Rptr.2d 461 (2001); Ponton v. Tabares, 711 So.2d 125 (Fla.Dist.Ct.App.1998); Kansas ex rel. Sec’y of Soc. & Rehab. Servs. v. Clear, 248 Kan. 109, 804 P.2d 961 (1991); Nevada v. Vine, 99 Nev. 278, 662 P.2d 295 (1983); Gabriel v. Gabriel, 519 N.W.2d 293 (N.D.1994); In re Scheehle, 134 Ohio App.3d 167, 730 N.E.2d 472 (1999); McCabe, supra; Kauffman v. Truett, 771 A.2d 36 (Pa.Super.Ct.2001); *1108 Coffey v. Vasquez, 290 S.C. 348, 350 S.E.2d 396 (Ct.App.1986); and Commonwealth ex rel. Spotsylvania County Dep’t of Soc. Servs. v. Fletcher, 38 Va.App. 107 562 S.E.2d 327 (2002), aff'd, 266 Va. 1, 581 S.E.2d 213 (2003).
In concluding that a parent's duty to support his or her child extinguishes upon the termination of parental rights, the South Carolina Court of Appeals has stated:
“The duty of a parent to support his or her minor child is often viewed as correlative to the parent’s rights in and to the child. See, e.g., Walker v. Walker, 204 N.C. 210, 167 S.E. 818 (1933); 59 Am.Jur.2d Parent and Child § 51 n. 15 at 139 (1971); 67A C.J.S. Parent & Child § 3 n. 29 (1978). Indeed, the term ‘parental rights,’ in the context of termination proceedings, has been construed to include both parental rights and parental obligations. Anguis v. Superior Court In and For Maricopa County, 6 Ariz.App. 68, 429 P.2d 702 (1967). In our view, a parent’s obligation to feed, clothe and otherwise support á child, being correlative to the parent’s rights in and to the child, does not exist where the parent’s reciprocal rights in and to the child have been terminated.”
Coffey v. Vasquez, 290 S.C. at 350, 350 S.E.2d at 397-98. We also find instructive the following from the Supreme Court of Kansas:
“The purpose of termination of parental rights is to provide stability to the life of a child who must be removed from the home of a parent. The State’s primary goal for all children whose parents’ parental rights have been terminated is placement in a permanent family setting. ... The termination of parental rights by the State severs the child’s ties with the natural parent. A parent whose parental rights have been terminated is relieved of all duties and obligations to support the child and the burden is placed on the State until the State is legally relieved of the obligation.”
Kansas ex rel. Sec’y of Soc. and Rehab. Servs. v. Clear, 248 Kan. at 116, 804 P.2d at 966. Like the State of Kansas, the purpose of our juvenile laws, particularly in termination cases, is to provide children with stability and permanency. See § 26-18-2, Ala.Code 1975; and A.J.H.T. v. K.O.H., 983 So.2d 394, 402 (Ala.Civ.App.2007) (Bryan, J., concurring specially, with Thomas, J., joining). Our juvenile code contemplates that a child should have a permanent placement that could include, among other plans, adoption after termination. See § 12-15-62(c), Ala.Code 1975; and § 26-18-8, Ala.Code 1975. To further this goal, a parent’s parental relationship with the child must be totally severed.
The dissent contends that a judgment terminating a parent’s parental rights that also terminates a parent’s obligation to pay child support does not promote a child’s stability or permanency. 39 So.3d at 1112 (Moore, J., dissenting). The dissent further states that a child would be protected from harm if the parent’s familial relationship with the child was severed but the child retained the benefit of financial support. However, a child would also benefit from retaining inheritance rights and the right to seek postminority educational support. Nevertheless, maintaining those legal rights of a child and, as the dissent states, those “parental responsibilities” only retains the child’s ties to a parent who either abused or neglected his or her child. Furthermore, our holding does not encourage irresponsible parents to petition to voluntarily terminate their parental rights, as the dissent contends. A parent is precluded from voluntarily terminating his or her parental rights to *1109 avoid the obligation of paying child support. See A.J.H.T. v. K.O.H., 983 So.2d at 402 (Moore, J., concurring in part and dissenting in part) (citing Ex parte Brooks, supra).
We, therefore, do not hold that a parent whose parental rights have been terminated loses his or her parental privileges but retains the obligation to support his or her child. See Coffey, supra. Rather, we conclude that the parental obligation of support is in tandem with the benefits of a parent-child relationship. Based on the foregoing, we hold that a parent’s obligation to pay child support is extinguished when that parent’s parental rights have been terminated. Accordingly, we conclude that the trial court did not err in determining that the father’s obligation to pay future child support was extinguished upon the termination of his parental rights.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., concurs in the result, without writing.
MOORE, J., dissents, with writing.

. In his dissent in this case, Judge Moore asserts that we have erroneously relied on this quotation as precedent supporting our holding in this case. However, as we noted above, the issue now before us is one of first impression, i.e., there is no precedent directly on point. Although the quoted statement from Judge Moore's special writing in J.C. is not precedent, it is an apt statement of what may be inferred from existing caselaw in deciding the issue of first impression now before us. It continues to be that despite the fact that Judge Moore now disavows it.